## EUPER v. ALKIRE & Co.

1. HOMESTEAD : *Temporary removal from, no abandonment.*
   Continuous ac'ual occupation is not neces-ary to pre-erve th-, homest(a-l.. . A removal from it for a temporary purpose, or with the intention of re-occupying it, is not such an abandonme t as will forfeit the home-stead right

2. SAME : *Scheduling.*
   When a schedule of the homestead has be en filed against an execution, it. is not necessary to file ano'her against an alias execution on the same-judgment, where there has b een no change of circumstances.

APPEAL from *Sebastian* Circuit Court in Chancery. Hon. J. H. ROGERS, Circuit Judge.

### STATEMENT.

Euper filed in the Circuit Court, at Fort Smith, his complaint, in equity, against the appellees, alleging, in substance, that he was a citizen of Arkansas, and a married man, and the owner in fee of a certain house and lot in Fort Smith, called the Euper House, which he and his family had occupied as a homestead for sixteen years, keeping a hotel—but from the infirmities of old age and the want of means to carry on the hotel, had leased it for two years and rented a. small house near by, for the temporary occupancy of him-

self and wife, which they had since occupied about ten months. That in leasing his house and renting the other, he had no intention of abandoning his homestead, or acquiring another, but was forced by his necessities to lease it for two years, with the design of returning to it at the expiration of the lease. That the defendants, Alkire & Co., had caused an execution to issue out of said Circuit Court, upon a judgment in their favor against the plaintiff, and to be levied on said homestead, and he had thereupon filed his schedule, as required by law, claiming said property as his homestead, and the execution had been superseded; but said defendants had caused another to be issued on the same judgment, and levied by the sheriff, the defendant Falconer, on said homestead, and it would be sold unless they were restrained: That said homestead did not exceed in amount or value that allowed by the constitution, and the debt for which said judgment was rendered was not one of the excepted debts mentioned in the constitution.

Prayer for injunction.

A demurrer to the complaint was sustained, and the plaintiff appealed.

*Wm. Walker*, for appellant.

*M. H. Sandels*, contra.

### OPINION.

1. HOME-STEAD: Temporary removal from, no abandonment.

HARRISON, J. When a homestead right has once attached, a continuous actual occupation is not indispensable for its preservation. It is well settled by the authorities, that a removal from the homestead for a temporary purpose, or with the attention of returning and again occupying it, is not such an abandonment as will forfeit the homestead right.

In the case of *Wiggins* v. *Chance*, 54 *Ill.*, 175, where the owner rented out the premises for three years, and removed with his family from them, in the fall of the year, to a town in the same county, for the purpose of earning money to pay his debts, but with the intention of returning, and did return the following spring, and resumed their occupancy with his family, it was held there was no abandonment of the homestead.

In the case of *Fyffe* v. *Beers*, 18 *Iowa*, 4, the owner had removed from the premises and been absent more than four years, and had, in that time, been engaged elsewhere in the business of inn keeping, but as she always intended to return and again occupy them, as her homestead, it was held that her homestead right still subsisted.

In that case the court said * * * * * "If the removal is temporary and the *animus revertendi* is established, and third persons have not been led to believe it was not a homestead by the owner, thus out of possession, and to act upon this belief by purchasing or specifically altering their condition, upon the faith that it was not exempt as a homestead, the law would treat the homestead right as still subsisting."

And, in the case of *McMillan* v. *Warner*, 38 *Tex.*, 410, the Court said: "The question of abandonment is almost exclusively a question of intent, since no legal abandonment can occur without a fixed intent to renounce and forsake, or to leave never to return; and to abandon a homestead, a party must forsake and leave it with the intent never to return to it again as a homestead." *Tumlinson* v. *Swinney*, 22 *Ark.*, 400; *Stewart* v. *Brand*, 23 *Iowa*, 477; *Moss* v. *Warner*, 10 *Cal.*, 296: *Potts* v. *Davenport*, 79 *Ill*, 455; *Walters* v. *The People*, 18 *Ill.*, 194; *Shepherd* v. *Cassiday*, 20 *Tex.*, 24; *Gouhenant* v. *Cockrell*, *Ib.*, 96; *Hixon*

v. *George*, 18 *Kan.*, 253 ; *Thomp. on Homesteads, secs.* 265, 266.

The complaint in this case alleged that when the plaintiff leased and removed from his homestead, it was with the intention of returning to and resuming the occupancy of it upon the termination of the lease, and had always so intended ; the truth of which allegation was admitted by the demurrer to the complaint.

2. SAME: Schedule of, repeating. And it was in like manner admitted that he had, after the original execution was sued out, explicitly selected and designated his homestead, by filing a schedule of the property in question as such, with the clerk, and he was not required again to do so upon the suing out of the alias execution.

There can be no reason for a second selection or schedule in the same case, where there has been no change of circumstances.

The demurrer to the complaint should have been overruled. The decree is therefore reversed, and the cause remanded for further proceedings.