St. L., I. M. & S. Railway Co. v. Hart.

---

ST. L., I. M. & S. RAILWAY CO. v. HART.

1. ACTION: *For use and occupation is ex-contractu. Exemption.*

The statutory action for use and occupation is of the nature of assumpsit at common law on an implied promise, and not an action *ex-delicto;* and is subject to the exemption of the Constitution as a debt by contract.

The exemption clause of the Constitution is highly remedial, and should be liberally construed.

ERROR to *Nevada* Circuit Court.

Hon. J. K. YOUNG, Circuit Judge.

St. L., I. M. & S. Railway Co. v. Hart.

*Smoote & McRae,* for plaintiff :

The occupation was a tort, a mere trespass, and not a "debt by contract," within the meaning of *Art.* 9, *Sec.* 1, *Const.* 1874. *Thomp. on Homesteads, sec.* 381 ; *State* v. *Melogue,* 9 *Ind.,* 196 ; *Crane* v. *Waggoner,* 27 *Ind.,* 52, and 83 *Ib.,* 85 ; 1 *Parsons,* 6 *Ed.,* 475 ; *Bliss on Code Pleaa., secs.* 128 and 152 to 154 ; *Gantt's Dig.,* 4023.

*C. C. Hamby,* for defendant :

1.   The action for use and occupation is one of *assumpsit* upon an express or implied contract, and not on the case *ex-delicto.* 7 *Ark.,* 305 ; 25 *Ib.,* 134.   It is based on the relation of landlord and tenant, and will not lie where there is a wrongful taking, retention or holding.   2 *Nott & McCord, S. C.,* 156 ; 4 *Ohio,* 205 ; 6 *Ib.,* 371 ; *Acts* 1874–5. *p.* 196.

2.   *Debt by contract* in *Sec.* 1, *Art.* 9, *Const.* 1874, includes every pure contract, express, implied or special. Exemption laws being of a humane nature, intended to aid one in distress, are liberally construed.   *Thomp. on Homesteads, sec.* 7, and cases cited.

EAKIN, J.   The appellant company had recovered judgment against Hart, in the Circuit Court, for use and occupation of land, and had caused an execution to issue. Defendant filed a schedule of personal property, as exempt ; and obtained a supersedeas.   This is a motion to quash the supersedeas.   It was refused, and the company appealed. It takes the ground that the provisions of the Constitution (*Art. IX., Sec. 1* ), apply only to "debts by contract, and that the statutory action, for use and occupation, supposes a tort."   That there is no contract in fact, but a trespass, for which the Statute has given a new remedy.

The action for use and occupation, given by *section* 4023 *of Gantt's Digest*, to the owner of lands against another who has held and occupied them, is, in all respects, of the nature of *assumpsit* at common law on an implied promise, and is an action *ex-contractu*, and not *ex-delicto*. There are remedies in tort also, against trespassers, which an owner of land might elect to pursue ; but if he adopts this, he adopts it with its characteristics, and waives the tort.

It would be reasoning too nicely to confine the meaning of the Constitution to contracts actually made, or existing in the intention of the parties. The exemption clause is a highly remedial one, and to be liberally construed. The supersedeas should not have been quashed.

Affirm the judgment.