Weller v. Moore.

## WELLER v. MOORE.

EXEMPTION: *Of personal property from alias execution.*

The ruling in *Euper v. Alkire*, 37 *Ark.*, 283, that " when a schedule of the homestead has been filed against an execution, it is not necessary to file another against an *alias* execution on the same judgment, where there has been no change of circumstances," has no application to personal property; and although a defendant in an execution has once made his schedule and had the personal property claimed thereby, set apart to him, he must, when a subsequent execution issues against him on the same judgment, again make his schedule claiming the same property, in order to hold it as exempt.

APPEAL from *Pope* Circuit Court.
G. S. CUNNINGHAM, Circuit Judge.

*Jeff Davis*, for appellant.

If the first schedule of appellant can be sustained, and there is no doubt of it, then it was unnecessary for him to file a second schedule against the *same execution*, or even an alias, there being no change of circumstance whatever. 37 *Ark.*, 283.

The action of the justice in issuing the supersedeas was *final*, and the only remedy was by appeal. 46 *Ark.*, 493-7.

On motion for reconsideration.

Contends that the execution was not a *subsequent* one, but the *same* execution which was once superseded, and hence there was no necessity for a second supersedeas.

BATTLE, J. The only question in this case, worthy of consideration at this time, is, when a defendant in an execution has once made his schedule and had the personal property claimed by him as exempt from execution set apart to him, is he required when a subsequent execution issues against him on the same judgment, again to make out his schedule, claiming the same property as

Weller v. Moore.

exempt, and have it set apart to him, to entitle him to its exemption from the second execution?

The statute says: " Whenever any resident of this state shall, *upon the issue* against him, for the collection of any debt by contract, of any execution or other process, of any attachment except specific attachment, against his property, desire to claim any of the exemptions provided for in article 9 of the constitution of this state, he shall prepare a schedule, verified by affidavit, of all his property, including moneys, rights, credits and choses in action held by himself or others for him, and specifying the particular property which he claims as exempt under the provisions of said article, and after giving five days notice, in writting, to the opposite party, his agent or attorney, shall file the same with the justice or clerk issuing such execution or other process or attachment." Further than this the statute contains no express declaration upon the subject.

In *Euper v. Alkire,* 37 *Ark* , 283, this court held: "When a schedule of the homestead has been filed against an execution, it is not necessary to file another against an alias execution on the same judgment, where there has been no change of circumstances." The only reason assigned for this rulling is, " there can be no reason for a second selection or schedule in the same case, where there has been no change of circumstances."

EXEMPTION:
Of personal
property
from alias
execution. But the reasoning for the rule in *Euper v. Alkire* does not apply to personal property. The law fixes and designates what shall be the homestead of a resident of this state. It is the place of his actual residence. There can be no change of homestead, except by an abandonment of it as a place of residence. In the very nature of the case there can be no reason for filing a second schedule against an alias execution on the same judgment, when there has

Weller v. Moore.

been no change of circumstances.   In that case the ob-
ject of the law is accomplished by the filing of one
schedule against all executions on the same judg-
ment, and the office of the schedule is per-
formed by fixing the metes and bounds of the
homestead.   But in the case of personal property it
is important to both parties to the execution, that the
defendant shall have the right, and be required to make
his schedule and claim his exemption upon the issue of
each execution.   He may sell or exchange the exempted
property.   It may die, be destroyed, or depreciate or in-
crease in value.   He may acquire additional property.
He may wish to change his exemption and take other
property in lieu of it.   It is not to be presumed that he
will always desire to retain the same property as his
exemption; and it cannot be authoritatively ascertained
when he does wish to change his exemption, as in case of
the homestead, unless he manifests such desire by the
filing of a schedule upon the issue of each execution.   If
he is not required to file a schedule upon the issue of
every execution, what right has he to change his exemp-
tion upon the issue of an alias execution after he has
made his selection upon the issue of the first?   We
hold he is required to file a schedule in the manner pre-
scribed by the statute, upon the issue of each execution,
in order to hold his exemption of personal property.
*Finley v. Sly*, 44 *Ind.*, 267 ; *Thompson on Homestead and
Exemptions, sec.* 855; *Freeman on Executions, sec.* 213.

Judgment affirmed.