BIRDSONG V. TUTTLE.

1. EXEMPTION: *Of personal property: Domicile: Residence.*
   One who has a domicile in Arkansas may claim his exemption of personal property, from sale under process, as provided for in Art. 9, Sec. 1 of the Constitution, although at the time of asserting such claim, he is temporarily residing in another State.

2. SAME: *Garnishment, etc., of wages.*
   The act of November 27, 1875 [Mansf. Dig., Sec. 3422] providing, with certain limitations as to time and amount, for the exemption of the wages of laborers. and mechanics, from seizure by garnishment or other legal process, is constitutional.

APPEAL from *Miller* Circuit Court.

C. E. MITCHEL, Judge.

In this action, which was begun in a justice's court upon an account for house rent, the plaintiff obtained an order of attachment on the ground that the defendant was a non-resident of this State. The St. L., I. M. & S. Ry. was summoned as garnishee, and answered that at the time the writ of garnishment was served, it was indebted to the defendant in the sum of $78.05. On appeal to the Circuit Court, the plaintiff recovered a judgment for his debt. But the court found that the defendant was a resident of this State, and that the indebtedness of the garnishee was for the amount of his current wages as conductor on the garnishee's road in this State, for the months of April and May, 1887, and that he was entitled to claim the same as exempt from the garnishment. Judgment was therefore given sustaining his claim to such exemption, and the plaintiff appealed.

The evidence was to the effect that the house, for the rent of which the plaintiff sued, was situated in Bowie County, Texas, and that the defendant was occupying it with his family when the action was commenced, and had been renting it for over a year. That defendant claimed to be a citizen of Arkansas, and that he had been for seventeen years; that he had always voted in Arkansas; that he had never exercised any right of citizenship in Texas, but had been living there for several years in the Town of Texarkana, because he could not rent a house on the "Arkansas side" of that town. Sec. 1, Art. 9 of the Constitution, provides that "the personal property of any resident of this State," etc., * * * not exceeding in value a specified sum, "shall be exempt from seizure on attachment, or sale on execution." * * *

Sec. 3422 Mansfield's Digest, is as follows:

"The time wages of all laborers and mechanics, not exceeding their wages for sixty days, shall hereafter be exempt from seizure by garnishment, or other legal process. *Provided*, That the defendant in any case shall file with the court from which such process shall issue, a sworn statement that said

sixty days wages, claimed to be exempt, is less than the amount exempt to him under the Constitution of the State, and that he does not own sufficient other personal property, which, together with the said sixty days' wages, would exceed in amount the limits of said constitutional exemption." Act Nov. 27, 1875.

The appellant *pro se.*

If appellee with his family resided in Texas, he was a non-resident of Arkansas, although he claimed his domicile in this State. *43 Ark., 547; 63 Iowa, 104; Drake on Att., sec. 65.*

The Legislature could not extend the exemption laws to non-residents. *11 S. C., 333; 32 A. M. Rep., 476; Cooley Con. Lim., pp. 78–94; 24 Ark., 161; 1 Wade Att., sec. 215.*

*Scott & Jones*, for appellee.

PER CURIAM. A person temporarily residing in another State, who has a domicile in this State, may claim his exemption of personal property from sale under process, under Sec. 1, Art. 9, of the Constitution of 1874.

<div style="text-align: right; float: right;">EXEMPTION: Domicile: Garnishment.</div>

The provision is remedial and should be liberally construed. *St. L., I. M. & S. Ry. Co. v. Hart, 38 Ark., 112.* The word resident should be accepted in its broader sense.

The act of November 27, 1875, gives no right not granted by this clause, and is constitutional. *Winter & Co. v. Simpson et al., 42 Ark., 410.*

The judgment is affirmed.