## James W. Gullett v. William M. Conley.

1. EXEMPTIONS—*Delivery of Schedules.*—A judgment debtor can not avail himself of the benefit of the statute of exemptions until he complies with its requirements, by making and delivering a schedule of his property; but where he has made one sufficient schedule, the return of such execution unsatisfied, and the issuing of a subsequent execution, does not make it necessary for such debtor to make an additional schedule before seventy days from the date of the writ if issued on a judgment rendered by a justice of the peace, or ninety days if issued on any other judgment, unless additional property has been acquired.

2. SAME—*Schedule Against Subsequent Executions.*—The statute does not relieve a judgment debtor from the duty of scheduling against an alias or subsequent execution issued after the expiration of the time provided by law for the life of the former execution.

Replevin.—Trial in the Circuit Court of Pope County, on appeal from a justice of the peace; the Hon. ALONZO K. VICKERS, Judge, presiding. Finding for plaintiff; appeal by defendant.    Heard in this court at the August term, 1898.    Affirmed.    Opinion filed March 10, 1899.

MORRIS & WHITESIDE, attorneys for appellant.

THOMPSON & MOORE, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court. This was an action in replevin by appellant against

appellee, commenced before a justice of the peace of Pope
county. The case was appealed to the Circuit Court, and
there, by agreement of parties, tried by the court without
a jury, on stipulated facts, as follows:

"It is stipulated that Bige Rambo recovered a judgment
before a justice of the peace against James W. Gullett
et al.; that this judgment is valid and that execution was
issued thereon and was served upon the plaintiff, James W.
Gullett; that within the time required by law said Gullett
presented the constable having said execution a valid and
legal schedule of all his personal property, as provided by
the exemption laws of the State of Illinois; and that there
was no appraisement of the scheduled property, it being
conceded by the parties that it was worth less than the
statutory exemptions; that said execution was returned
unsatisfied, and that the judgment remained in full force
and effect; and that an alias execution was issued upon said
judgment on December 6th, 1897; that the same was duly
served upon the plaintiff, together with notice as provided
for by exemption laws, and that the plaintiff failed to make
a schedule of his personal property, whereupon the defend-
ant, as constable, levied said execution upon the property
in controversy in this suit, which said property was after-
wards replevied from the defendant by the plaintiff, claim-
ing the same as exempt and (claiming) that he was not
required to make any schedule under this second execution.

It is also stipulated that the former execution was issued
on the 23d day of June, 1897, and that it was returned un-
satisfied August 31st, 1897. It is further stipulated that
the plaintiff had not acquired any additional property
between the dates of his schedule and the issuing of the last
execution.

It is further stipulated that the only question to be de-
termined by the court in this case is, whether or not, under
the law as it now exists, it was necessary for the plaintiff
to present the officer with a schedule of his personal prop-
erty, in order to avail himself of the exemption laws of this
State."

The court found the issues for the appellee, overruled
appellant's motion for a new trial, rendered judgment on
the finding against appellant, and awarded a writ of retorno
habendo.

A judgment debtor can not avail himself of the benefit of

the statute exempting personal property from levy and sale until he has complied with the requirements of that statute as to the making and delivering a schedule of his property.

Paragraph 14, Chapter 52, Starr & Curtis, provides:

"Whenever any debtor against whom an execution * * * has been issued, desires to avail himself of the benefit of this act, he shall, within ten days after a copy of the execution * * * is served upon him * * * make a schedule * * * and deliver the same to the officer having the execution * * * or file the same with the justice, or in the court where the writ is issued, * * * and any property owned by the debtor and not included in such schedule shall not be exempt. * * * When the judgment debtor has presented a sufficient schedule * * * the return of such execution unsatisfied, and the issuing of an alias or subsequent execution shall not render it necessary for such judgment debtor * * * to present an additional schedule unless additional property has been acquired, before seventy days from the date of the writ, if issued on a judgment rendered by a justice of the peace, or ninety days if issued on any other judgment."

The concluding clause of this paragraph was enacted as an amendment for the purpose of relieving judgment debtors, who had made one sufficient schedule against an execution, from the duty of making another against an alias or subsequent execution which might issue upon the same judgment, during the time provided by law for the life of an execution unless the debtor had acquired additional property in the meantime. It does not relieve the judgment debtor from the duty to schedule against an alias or subsequent execution issued after the expiration of the time provided by law for the life of the former execution.

Seventy days from the date of the writ, if issued on a judgment rendered by a justice, or ninety days if issued on any other judgment, *means* seventy days, or ninety days, from the date of the writ against which a sufficient schedule has been presented.

The judgment of the Circuit Court is affirmed.