PARKER vs INDEPENDENCE PRODUCE CO.

Opinion Delivered October 27, 1899.

*Exemptions — Schedule for Supersedeas — Title to property.*

Under Mansf. Dig. § 3006, a debtor must schedule his personal property, and have a supersedeas issued against each execution. The filing of a schedule of personal property, and obtaining a supersedeas thereon does not dispense with an inventory and schedule etc., when another execution is issued, and one purchasing personal property sold under a second execution, which has not been superseded acquires a good title thereto.

THOMAS, J., dissents.

Appeal from the United States Court for the Northern district.

W. M. SPRINGER, Judge.

Action by the Independence Produce Company against E. A. Parker. Judgment for plaintiff. Defendant appeals. Reversed.

This case was tried to the court on an agreed statement of facts, which are as follows: That the B. F. Coombs Commission Company, on the 15th day of September, 1898, recovered in the mayor's court of the incorporated town of Nowata, Ind. T., a judgment against W. J. Davis, a merchant in the town of Nowata, Ind. T., for the sum of $41.63, and costs, amounting to $20, and execution issued thereon on the 24th day of September, 1898, and returnable October 25, 1898. This execution was received by the marshal on said day at 3 o'clock p. m., and levied October 7, 1898, on a stock of groceries and other property, contained in a room within the incorporated limits of the town of Nowata, as the property of the defendant, Davis. Prior thereto, on the 30th day of September, 1898, the defendant in execution filed with the mayor a list of all his personal property, fixing the value of each item, which aggregated $273.50, and he stated on oath that he was the head of a family, and resident of the Northern district of the Indian Territory, and that he claimed as exempt and released from the process of the court all of said articles so specified. And on October 7, 1898, the date upon which the execution was levied, the defendant in execution filed his schedule of said personal property as required by law, and claimed the same was exempt from execution. The mayor allowed a supersedeas, and stayed execution as to all of said property as claimed in the said schedule. A copy of the supersedeas was placed in the hands of the attorney for the defendant in execution, and

was delivered by him to the town marshal, and the property in controversy so claimed as exempt from execution was again placed in the custody of the attorney for the defendant in execution.    Within 30 minutes from the time the supersedeas was allowed, the plaintiff in execution obtained an alias execution, which was dated October 7th, and issued at 12:30 o'clock p. m. of that day.    It was received by the marshal at 1 o'clock p m., and said alias execution was immediately levied upon the same property which had been taken by the first execution, and upon which the supersedeas was issued. After the defendant in execution obtained his supersedeas, he sold the property which he had claimed as exempt to the Independence Produce Company, the plaintiff in the case at bar, in payment of indebtedness to that company.    The sale of the property in question to the Independence Produce Company was effected subsequently to the issuance of the alias execution, and after said alias execution was served upon the defendant in execution, which was on the same day of its issuance, and on the same day the property was transferred to the plaintiff in this case, the Independence Produce Company, by a bill of sale properly executed.    The marshal levied his execution upon the property, and the plaintiff in this suit, the Independence Produce Company, has brought its action of replevin for the return of said property, or the value thereof, in case the property cannot be returned.  The property has been sold, and the proceeds are held subject to the order of the court.    The property levied upon by the first execution, and the property claimed as exempt by the defendant in execution, and the property levied upon by the alias execution is conceded to be the same to the extent levied upon.    On this state of facts the court rendered judgment in favor of the plaintiff, the Independence Produce Company.    The defendant saved his exception, and the case was regularly appealed to this court.

*R. H. Wilkinson* and *Maxey & Martin*, for appellant.

*Tillotson & Lawson,* for appellee.

CLAYTON, J.   The only question presented to this court for its determination is whether, under the conceded facts, the filing of a schedule of exemptions for personal property and obtaining a supersedeas under the first execution was sufficient to defeat the appellant's title, acquired by virtue of the levy of the second execution, there having been no schedule of exemption filed, or supersedeas obtained as to it.   The statute (Mansf. Dig. § 3006; Ind. T. Ann. St. 1899, § 2121) is as follows:   "Whenever any resident of this state shall, upon the issue against him for the collection of any debt by contract of any execution or other process, of any attachment, except specific attachment, against his property, desire to claim any of the exemptions provided for in article IX, of the constitution of this state, he shall prepare a schedule, verified by affidavit, of all his property, including moneys, rights, credits and choses in action held by himself or others for him, and specifying the particular property which he claims as exempt under the provisions of said article, and after giving five days' notice, in writing, to the opposite party, his agent or attorney, shall file the same with the justice or clerk issuing such execution or other process or attachment; and the said justice or clerk shall thereupon issue a supersedeas staying any sale or further proceeding under such execution, or process, or attachment, against the property in such schedule described and claimed as exempted, and by returning the property to the defendant.   Provided, that an appeal may be taken to the circuit court from any order or judgment rendered by the justice of the peace upon the filing of the affidavit and executing the bond required in other cases of appeal."   The supreme court of Arkansas, passing on this very statute, in the case of Weller vs Moore, 50 Ark. 253, 7 S. W. 130, say: "But the reasoning for the rule in Euper vs Alkire, 37 Ark. 283, does

not apply to personal property. The law fixes and desig-
nates what shall be the homestead of a resident of this state.
It is the place of his actual residence. There can be no
change of homestead, except by an abandonment of it as a
place of residence. In the very nature of the case there can
be no reason for filing a second schedule against an alias
execution on the same judgment, when there has been no
change of circumstances. In that case the object of the law
is accomplished by the filing of one schedule against all exe-
cutions on the same judgment, and the office of the schedule
is performed by fixing the metes and bounds of the home-
stead. But in the case of personal property it is important
to both parties to the execution that the defendant shall have
the right, and be required, to make his schedule and claim
his exemption upon the issue of each execution. He may
sell or exchange the exempted property. It may die, be
destroyed, or depreciate or increase in value. He may
acquire additional property. He may wish to change his ex-
emption, and take other property in lieu of it. It is not
presumed that he will always desire to retain the same pro-
perty as his exemption, and it cannot be authoritatively as-
certained when he does wish to change his exemption, as in
case of the homestead, unless he manifests such desire by
the filing of a schedule upon the issue of each execution. If
he is not required to file a schedule upon the issue of every
execution, what right has he to change his exemption upon
the issue of an alias execution after he has made his selection
upon the issue of the first? We hold that he is required to
file a schedule in the manner prescribed by the statute upon
the issue of each execution, in order to hold his exemption
of personal property." And to the same effect is the case of
Finley vs Sly, 44 Ind 266. In this case the court say: "It
has been held that the execution defendant may sell exempt-
ed property, and the purchaser will take it free from execu-
tion. If he may sell it, he can, we presume, exchange it. It

is not contemplated by the statute that the execution defendant shall always retain the precise property exempted. It may die, be destroyed, or depreciate in value, or it may increase in value. After the exemption, the defendant may acquire additional property which may be subject to execution. If the defendant is not required to make a new schedule, then neither should he have the privilege of doing so. The statute provides that, 'until such inventory and affidavit be furnished to such officer, he shall not set apart any property to the execution defendant as exempt from execution.' We hold that this should be construed as applying to each execution issued on a judgment, and that an exemption of property on one execution does not, except at the option of the execution plaintiff, dispense with an inventory and affidavit, etc., when another execution shall be issued." Thomp. Homest. & Ex. 856; Freem. Ex'ns, 218

As against the proposition decided by the foregoing cases, no authority has been cited. That a schedule of exemption must be filed, and a supersedeas obtained, upon every execution issued upon a judgment, seems to be the adjudicated law. But it is contended that, inasmuch as the second execution was procured in this case within 30 minutes after the issuance of the supersedeas on the first execution, it was vexatious, and was procured for the purpose of harassing the defendant, and of accumulating costs against him. The fact that it was procured so early would, indeed, strongly tend to prove that contention; but, if it be conceded that a schedule of exemptions must be filed upon the issuance of a second execution at any time, where are the courts to draw the line? Must the judgment creditor wait a day, or a week, or a year? or must the clerk, before issuing the second execution, take proof to ascertain whether there has been any change in the exempted property or financial condition of the judgment debtor? The statute does not provide for this procedure. When, under

these circumstances, executions are repeatedly procured for the sole purpose of annoying and harassing judgment debtors who may be unable to pay off their judgment debts, and who claim the right of exemption which the law gives them, we know of no remedy, unless it be by injunction.   An alias execution issued upon an unsatisfied judgment, and levied upon personal property that has not been enjoined or superseded by some lawful authority, is as efficacious as the first, and can be defeated only in the same way, and upon the same grounds.   We therefore hold that the court below erred in rendering judgment for the plaintiff.   Reversed and remanded.

TOWNSEND, J., concurs.

THOMAS, J. (Dissenting.)   I cannot concur in the opinion of the court in this case.   The opinion of Chief Justice SPRINGER at nisi prius fully states the case and the issues, and is adopted by me as my view of the law:

"The question for the court to determine in this case is as to whether, under the facts conceded, the defendant in execution, after having made his schedule of the property in question, and the property claimed by him as exempt from execution set apart to him, was required, when the alias execution issued against him on the same judgment, to again make out his schedule, claiming the same property as exempt, and have it set apart to him again, to entitle him to its exemption from the second execution.   The statute (Mansf. Dig. § 3006; Ind. T. Ann. St. 1899, § 2121) provides as follows: 'Whenever any resident of this state shall, upon the issue against him for the collection of any debt by contract of any execution or other process, of any attachment, except specific attachment, against his property, desire to claim any of the exemptions provided for in article IX, of the constitution of this state, he shall prepare a

schedule, verified by affidavit, of all his property, including moneys, rights, credits, and choses in action held by himself or others for him, and specifying the particular property which he claims as exempt under the provisions of said article, and after giving five days' notice in writing, to the opposite party, his agent or attorney, shall file the same with the justice or clerk issuing such execution or other process or attachment; and the said justice or clerk shall thereupon issue a supersedeas staying any sale or further proceeding under such execution, or process, or attachment, against the property in such schedule described and claimed as exempted, and by returning the property to the defendant.' It will be seen from the statute that the supersedeas stays any sale or further proceeding under such execution against the property in such schedule claimed and described as exempt, and the property is returned to the defendant. Counsel for the defendant in the case at bar contend that while the property in question was exempt under the same execution, yet that it is not exempt unless claimed as such when levied upon by an alias execution. The supreme court of Arkansas, in the case of Weller vs Moore, 50 Ark. 253-255, 7 S. W. 130, has passed upon the subject, and counsel for the defendant hold that under the decision of the supreme court of Arkansas in that case the property levied upon by the alias execution was subject to that execution, and could only be relieved from its operation by the filing of a second schedule against the same. The facts in the case cited are not set forth in the opinion of the court, but the court reviews and approves the decision of the supreme court of Arkansas in the case of Euper vs Alkire, 37 Ark. 283, in which case that court held: 'When a schedule of a homestead has been filed against an execution, it is not necessary to file another against an alias execution on the same judgment where there has been no change of circumstances.' The supreme court in the case of Weller vs

Moore, states that the only reason assigned for this rule is: 'There can be no reason for the second selection or schedule in the same case where there has been no change of circumstances.' But the court held in that case that the rule laid down in the case of Euper vs Alkire does not apply to personal property, stating that the law fixes and designates what shall be the homestead of a resident of the state, and that there can be no change of homestead, except by abandonment of it as a place of residence. The court then states as follows: 'In the very nature of the case, there can be no reason for filing a second schedule against an alias execution on the same judgment, when there has been no change of circumstances. In that case the object of the law is accomplished by the filing of one schedule against an alias execution on the same judgment, and the office of the schedule is performed by fixing the metes and bounds of the homestead.' The court then proceeds to draw the dictinction between executions levied upon homesteads and those levied upon personal property, as follows: 'But in the case of personal property it is important to both parties to the execution that the defendant shall have the right and be required to make his schedule and claim his exemption upon the issuing of each exemption. He may sell or exchange the exempted property. It may die, be destroyed, depreciate or increase in value. He may acquire additional property. He may wish to exchange his property, and take other property in lieu of it. It is not to be presumed that he will always desire to retain the same property as his exemption, and it cannot be authoritatively ascertained when he does wish to change his exemption, as in the case of the homestead, unless he manifests such desire by the filing of a schedule upon the issue of each execution. If he is not required to file a schedule upon the issue of every execution, what right has he to change his exemption upon the issue of an alias

execution, after he has made his selection upon the issue of the first? We hold that he is required to file a schedule in the manner prescribed by the statute, upon the issue of each execution, in order to hold his exemption of personal property.' It will be seen from the reasoning of the court in the case of Weller vs Moore that it is based upon the idea that in the case of personal property there may be a change of circumstances, but, if there is no change of circumstances, the object of the law is accomplished by the filing of one schedule against all executions on the same judgment. The reasoning of the court as to homesteads is just as strong as it would be in reference to personal property, when there has been no change of circumstances. Where there has been no change of circumstances, 'in the very nature of the case,' quoting from the decision in the case of Weller vs Moore, 'there can be no reason for filing a second schedule against an alias execution on the same judgment.' In the case at bar there was no change of circumstances. Less than 30 minutes elapsed from the issuing of the supersedeas on the first execution until the alias execution was issued and levied upon precisely the same property claimed as exempt. The issuance of an alias execution, and its levy upon the same property immediately thereafter, as in the case at bar, are not only unnecessary but are vexatious, and, if such proceedings should be tolerated by the courts, the right of exemption of personal property would be entirely defeated. If an alias execution can be issued immediately, and levied upon the same property, another could immediately be issued when the same property was claimed, and thus a multiplicity of processes could be invoked, solely for the purpose of harassing and heaping costs to an unlimited extent upon the defendant in execution. Such proceeding is not only in violation of the spirit of the law, but is an outrage upon justice, and, if recognized by the courts as legal, it would make a mockery of judicial processes. There was

no necessity for the issuing of a second execution in this case, for the further reason that it appeared from the list of property filed by the defendant in execution that he had scheduled all his property; that it amounted to only $273.50; and that he claimed all of it as exempt, being the head of a family, and entitled to exemption of personal property to the extent of $500. This court is of the opinion the reasoning of the court in the case of Weller vs Moore, supra, does not sanction the issuance of an alias execution, and the levying of it upon the property claimed under the previous schedule as exempt, in the manner which was done in the case at bar. If reasonable time had elapsed, and if there had been a change of circumstances, such as pointed out in the reasoning of the court, the case would be different; but under the facts as they appear in this case, there could have been no change of circumstances between the issuance of the first and second executions, and in the judgment of this court the property passed to the Independence Produce Company by the sale made to it by the defenant in execution, and that the plaintiff in this case should recover."

"The exemption clause of the laws of Arkansas is a highly remedial one, and to be liberally construed." Railway Co. vs Hart, 38 Ark. 112-114; also, Birdsong vs Tuttle, 52 Ark. 91-93, 12 S. W. 158.