## MEYERS CO. V. MIRABAL ET AL.

(No. 2587.    Nov. 30, 1921.)

### SYLLABUS BY THE COURT.

A demand for exemption of a homestead from the levy of an execution does not invalidate a sale of the same land under an alias execution six months later, against which no demand for exemption was made.

Appeal from District Court, Torrance County; Ed Mechem, Judge.

Suit to quiet title by the Meyers Company against Rumaldo Mirabal and others. From a decree in favor of defendants, canceling a sheriff's deed, the plaintiff appeals. Reversed.

Heacock & Grigsby, of Albuquerque, for appellant. G. W. Prichard, of Santa Fé, for appellees.

### OPINION OF THE COURT.

DAVIS, J. This suit was commenced by appellant to quiet title to 80 acres of land in Torrance county, the complaint being in the statutory form. Appellee Macario Torres answered, alleging a fee-simple title in himself acquired under a warranty deed from appellees Rumaldo Mirabal and wife, who also appeared. They first disclaimed any interest in the property, but later filed an answer in which they alleged that, in 1906, Rumaldo Mirabal received a patent from the United States for the land; that it was their homestead; that in 1913 the sheriff of Torrance county sold it under an execution, in disregard of their claim of exemption; and that they later conveyed the property to Macario Torres, as alleged in his answer, and that plaintiff's title was based on the execution sale. They asked that the deed of the sheriff under the execution sale be set aside.

A reply was filed admitting the execution sale, but denying the other allegations of the answer. Upon these issues trial was had. The evidence is not before us. The court made detailed findings of fact; as to which there is no dispute, concluded that the execution was void because of a claim of exemption made by Mirabal, and entered a decree canceling the sheriff's deed.

The material facts upon which this conclusion was based are as follows: On February 1, 1913, a judgment was rendered in the district court of Torrance county against Rumaldo Mirabal, and on February

5, 1913, an execution was issued and placed in the hands of the sheriff. About six days later, Rumaldo Mirabal demanded of the sheriff that he set aside to him the 80 acres here in controversy as his homestead, exempt from execution. On June 3, 1913, this execution was returned unserved.

On August 9, 1913, an alias execution issued upon the judgment, and on the same day the sheriff made demand for payment upon Rumaldo Mirabal, and levied upon the 80 acres. Under this second levy the land was sold. Mirabal did not make a further claim of homestead or exemption, his only claim being the one made in May as against the levy of the original execution.

The decision of this case depends upon whether the claim of exemption made under the original execution continued effective to prevent a sale under the second or alias execution.

The right of exemption asserted rises under sections 2321 and 2324 of the Code of 1915, allowing husband and wife to hold exempt a family homestead not exceeding $1,000 in value, and providing the method by which it shall be claimed and its value determined. Section 2324 provides that it shall be allowed on application to the officer holding the writ. If the exemption is claimed and the officer sells in disregard of it, the sale is void, as was held in U. S. v. Lesnet, 9 N. M. 271, 50 Pac. 321. But the right of exemption is waived by failure to exercise it, as was decided in Pecos Valley Lumber Co. v. Freidenbloom, 23 N. M. 383, 168 Pac. 497.

The statute provides, in effect, that the officer executing any writ of execution, if the lands about to be levied upon constitute a homestead, shall, on application, cause to be set off the exemption to which the debtor is entitled. Evidently the application is to be made to the officer holding the writ

which is about to be levied. The statute refers to no other writ. In this case no application was made between the time of the levy of the alias writ and the date of sale. Reliance is placed entirely upon an application made six months earlier to an officer who then held a different writ. Although both writs were issued upon the same judgment, such an application is insufficient. A demand for this homestead exemption may be made. verbally, and we can not say that a sheriff must, at his peril, carry in his memory for an indefinite period matters of this kind. While it is true that in this case the same officer served both writs, that does not affect the principle involved, as two writs might come to the hands of different sheriffs or of different deputies. Under section 3086, Code 1915, executions may issue at any time within five years after the rendition of judgment. If a notice of exemption claimed under one execution holds good to defeat a sale made six months later under a second writ, it would be equally effective against writs issued at any time during the five-year period, although no record is made of such claim, and it might not in any way come to the notice of the officer making the levy. It is no hardship for the debtor to claim his exemption as often as writs are issued and levies are about to be made upon his property, and this is the evident intent of the statute.

We are not dealing with property absolutely exempt from levy and sale. The land claimed as a homestead is exempt only up to a value of $1,000. It may well be that at the time of one levy the entire tract is obviously not worth that amount, and that when the exemption is claimed further proceedings are abandoned for that reason. But during the five-year period, and even within six months, as was the time in this case, the property might easily appreciate in value, so that there would be a surplus subject to levy. The judgment creditor would

then be in a position to recover his debt. The appointment of appraisers to set off the homestead to the statutory value would become necessary, and it certainly would be incumbent upon the debtor to apply for the appraisement if he desired it. Neither the judgment creditor nor the officer could be held to continuing notice of the claim of exemption arising from a past application.

The briefs in this court cite no authorities upon this question. Variance in the exemption statutes makes decisions of other states of little value. Most of the cases deal with exemptions of personal property, and some differentiate between such a claim for personal property and one for real estate. It is difficult to appreciate the distinction if the exemption is not specific. The views expressed in this opinion are sustained in principle in the following: Finley et al. v. Sly, 44 Ind. 266; Parker v. Independence Produce Co., 2 Ind. Ter. 561, 53 S. W. 335; McAfoose's Appeal, 32 Pa. 277; Gullett v. Conley, 81 Ill. App. 131; Briggs v. McKenzie, 16 Ill. App. 286; E. Super v. Alkire & Co., 37 Ark. 283; Weller v. Moore, 50 Ark. 253, 7 S. W. 130.

Counsel for appellees in his brief argues that the execution sale was void as to the community interest of Dolores Billa de Mirabal, wife of Rumaldo Mirabal, since she was not a party to the action in which the judgment was rendered. In her answer she made no such contention, nor did she allege the facts on which it must necessarily rest. Apparently the question was not presented to the trial court, since it is not covered either by the findings of fact or conclusions of law. We therefore cannot consider it.

The judgment of the trial court is therefore reversed; and it is so ordered.

RAYNOLDS, C. J., and PARKER, J., concur.