## HENRY HAMBLEN *v.* EDWIN HAMBLEN.

1. SHERIFF'S SALE: LEVY ON LAND.—A previous levy is essential to the validity of a sale of land by the sheriff or marshal, under an execution.
2. SAME: ENTRY OF LEVY ON LAND.—The law directs that the sheriff or marshal

should enter upon the execution, a levy made by him on land; but such entry is merely evidence of a levy, an act previously done; but it is not the only legal evidence by which a levy can be shown. And hence, if the return does not show that the property sold was levied on, the sale will not therefore be void.

3. SAME: HOW LEVY ON LAND MAY BE PROVEN: ADVERTISEMENT FOR SALE SUFFICIENT.—There is no particular form prescribed by law, in which a levy of an execution on land shall be made; the sheriff or marshal does not, as in case of a levy on personalty, take the land in possession. And it seems that all that is required in such a case, to constitute a valid levy, is, that he should manifest, by some overt act, his intention to levy or raise the money out of the land, and his advertisement of the land for sale under the execution, is such an overt act; at all events, it is evidence from which a levy will be presumed.

4. SAME: LEVY PRESUMED FROM ADVERTISEMENT, SALE, AND DEED.—In all cases in which land has been advertised and sold, under a valid judgment and execution, and a deed made to the purchaser, a levy will be presumed. See 2 Ala. R. 682; 1 Cam. & Norwood R. 527; 3 A. K. Marsh. R. 619.

IN error from the Circuit Court of Madison county. Hon. E. G. Henry, judge.

In October, A. D. 1854, the plaintiff in error commenced an action of ejectment, in the court below, against the defendant, for the recovery of the possession of the southwest quarter of section twenty-two, in township seventeen, range four east, situated in Madison county, in this State.

On the trial, the plaintiff showed regular conveyances of the land in controversy, from the original purchaser from the Federal Government to other parties, and from these to himself. The defendant introduced, in evidence, the record of a judgment, rendered in the Circuit Court of the United States, for the Southern District of the State of Mississippi, at the May Term thereof, A. D. 1839, in favor of one John B. Diggs v. Henry and Edwin Hamblen, the parties to this suit, for the sum of $2763 55, besides costs. On this judgment, an execution issued in July, 1839, and was levied on certain personal property of the defendants, who thereupon executed a forthcoming bond, with security, for its delivery on the day of sale. The forthcoming bond was forfeited, and an execution was issued on this statutory judgment, on the 20th of December, 1839. This last execution, as appears by the marshal's return, was, on the 4th day of March, A. D. 1840, levied on certain slaves, and also on land belonging to the defendant therein, Henry Ham-

blen; part of the land so levied upon, as appears by the indorsement, was the southwest quarter of section twenty, in township eleven, range four east. All the land levied upon was sold, on the 4th day of May, A. D. 1840, by the marshal, as appears by his return of that date, and "bid off (by) C. C. Shackelford, the plaintiff's attorney, for one thousand and fifty-two dollars."

The defendant also produced a copy of the advertisement, made by the marshal, of his sale under the execution, and proved by a witness, that it had been published in the "Madison Whig Advocate," for thirty days, in the year 1840. This advertisement recited a levy upon the land in controversy; but in all other respects, in describing the property to be sold, corresponded with the indorsement made by the marshal on the execution, except that it omitted the southwest quarter of section twenty, and contained, among the list of property to be sold, "a barouche, and pair of mules." The indorsement of the levy, and the return of the sale, were made by different deputies of the marshal.

The defendant then read in evidence a deed from the marshal to James S. Ewing, conveying the land in controversy, together with the remaining land mentioned in the advertisement. This deed was dated the 4th of May, 1840, and recited that the land was levied on, under the execution before-mentioned, and sold to Ewing for $943. He also read in evidence a deed from Ewing, conveying the land to C. C. Shackelford, and a deed from Shackelford to himself.

It appeared from indorsements on the marshal's deed, that it was first acknowledged by him on the 6th day of February, A. D. 1841, and filed for record on the 3d day of the March following, and duly recorded on the next day; and on the 25th day of November, 1841, it was again acknowledged by the marshal, and filed for record on the 17th day of January, A. D. 1842, and on the 10th day of March, A. D. 1842, was again recorded.

The plaintiff then introduced, as rebutting evidence, a certified copy of a deed from the marshal to Ewing, dated the 4th of May, 1840, and acknowledged on the 2d day of July, 1840. This last mentioned deed was, in all respects, like the one introduced in evidence by the defendant, except that it conveyed the southwest quarter of section twenty, in township eleven, range four east, in-

stead of the southwest quarter of section twenty-two, in same township and range, and recited that the consideration was $1052.

The defendant had verdict and judgment, and the plaintiff moved for a new trial; which being refused, he sued out this writ of error.

*H. A. H. Lawson*, for the plaintiff in error,

Cited, Hutch. Code, pp. 449, 905, 907; *Hardy* v. *Gascoigne*, 6 Porter R. 447; 3 Phil. Ev. (C. & H. notes) 1086; *Cook* v. *Wood*, 1 Harrison (N. J.) R. 254; 6 Halsted, 309; 4 Yeates R. 114; *Hoffman* v. *Dunn*, 14 Penna. R. 25; *McBinnie* v. *Overstreet*, 8 B. Munroe, 300; *Gruth* v. *Guilford*, 4 Watts R. 236; 1 Barr R. 454; 11 Gill. & Johns. 37.

*D. Mayer,C. C. Shackelford, George Fearne*, and *T. C. Trotter*, for defendant in error,

Cited, *Baring's Lessee* v. *Lemman*, 5 Harr. & Johns. 223; *Barney* v. *Patterson*, 6 Ib. 182; *Sneed* v. *Reardon*, 1 A. K. Marsh. 160; *Haley* v. *Curry*, 3 Strobh. R. 100; *Work* v. *Hunter*, 1 Cameron & Norwood's R. 537; *McEntree* v. *Durham*, 7 Iredell, 151; *Turner* v. *McCrea*, 1 Nott & McCord, 12; *Maddox* v. *Sullivan*, 2 Richardson's Eq. R. 7; *Canes* v. *Mapes*, 1 Hill (S. C.) 304; *Evans* v. *Davis*, 3 B. Munroe, 344.

SMITH, C. J., delivered the opinion of the court.

This was an action of ejectment, brought in the Circuit Court of Madison county, by the plaintiff in error, against the defendant, to recover the possession of the southwest quarter of section twenty-two, township eleven, range four east.

The plaintiff, on the trial, claimed title, through several intermediate conveyances, forming a connected chain, from the party to whom the land in dispute was originally sold by the United States.

The defendant relied on a deed, conveying the land to him in fee simple, executed by Charles C. Shackelford, who was the subvendee of James S. Ewing, who claimed under a deed bearing date the 4th of May, 1840, purporting to have been executed by the marshal for the Southern District of Mississippi, in virtue of a sale, made by him, under an execution, from the Circuit Court of the

United States for said district, in favor of one J. B. Diggs, against the parties to this suit, Henry and Edwin Hamblen. The deed recites the levy of the execution, on the land in controversy, the due advertisement of the sale, and the sale to Ewing on the day appointed.

The record of a judgment in the Circuit Court of the United States for the Southern District of Mississippi was read in evidence, by the defendant, from which it appeared that said Diggs had recovered a judgment therein, on the 20th of May, 1839, for $2763 55, against said Henry and Edwin Hamblen, on which judgment, an execution having issued, was levied on the property of the defendants; that these parties gave a forthcoming bond, with one Harold as surety, which was returned forfeited; and that an execution was issued, Dec. 20th, 1839, on the forfeited forthcoming bond, returnable to the May Term of said court, in 1840.

It appeared also by an indorsement upon the execution, of the date of the 4th of March, 1840, that the execution was levied upon personal property and several tracts of land, including the southwest quarter of section twenty. But it is not stated in the indorsement or return, that said execution was levied on the southwest quarter of section twenty-two, which is the subject-matter of this suit.

In the return, dated the 4th of May, 1840, and indorsed upon the execution, it is stated, that "the land was bid off (by) C. C. Shackelford, the plaintiff's attorney, for $1052." The levy and the return of the sale, were made by different deputies of the marshal.

It was further proved by the defendant, that the southwest quarter of section twenty-two was advertised, by the marshal, for sale under the execution. The advertisement was inserted in the Madison Whig Advocate, and published for the period of thirty days before the day appointed for the sale. This advertisement described property not embraced in the levy of the 4th of March, 1840, as the same is indorsed upon the execution, and does not mention or describe the southwest quarter of section twenty, as property levied on and for sale at the appointed place and time.

From the facts thus stated, three conclusions may be drawn: 1. That the southwest quarter of section twenty-two was not levied

on by the deputy who made the return on the 4th of March, 1840, or if a levy was in point of fact made upon that quarter section, he failed to state it on the execution; 2. That a subsequent levy was made on the land in dispute, and no return made of it by the officer; or, 3. That the land was not levied on by either one of the deputies, but was advertised and sold, pursuant to the advertisement.

The questions which necessarily arise from these conclusions are, 1. Whether it is essential to the validity of a sale of land under execution, that the return made by the marshal or sheriff should show that a levy was made on the land sold; and 2. Whether an actual levy is necessary; and if essential to the validity of the sale, may it not be presumed?

1. In all cases where a levy has been made, unless there has been a failure to sell before the return day of the execution, the levy and sale must of necessity precede the return. It is hence certain, that the return entered upon the execution does not confer the right to sell. If the levy and sale be valid when made, the title of the purchaser could not be defeated by the subsequent neglect of the marshal or sheriff to enter his return on the execution. This is clearly so, unless by statute it is expressly declared that such failure or neglect shall avoid the sale. It is unquestionably the duty of the marshal or sheriff to enter the levy upon the execution, and it is desirable that he should do so, as the means of preserving the evidence of it. But our statute has no provision which declares that the sale shall be void, unless the sheriff returns, on the execution, the property levied on and sold. The omission, therefore, to do so, would be merely one of those irregularities, which according to all of the authorities will not vitiate the sale made under it. This doctrine is well sustained by authority.

In North Carolina, the purchaser of land, sold under execution, is only bound to show a judgment, execution, and sheriff's deed. As against the defendant in the execution, he is not required to show a levy by the sheriff. *Den ex dem. McEntire* v. *Durham*, 7 Iredell, 151.

In South Carolina the same principle is held to apply to both real and personal property. *Gassaway* v. *Hall*, 3 Hill's S. C. Rep. 289. And the courts of Maryland, Kentucky, Illinois, and In-

diana, recognize the same doctrine. 5 Harr. & John. 223; 6 Ib. 182; *Sneed* v. *Reardon*, 1 A. K. Marsh. 160; 3 B. Munroe, 346; *Foe* v. *Heath*, 7 Blackf. 157; *Bybee* v. *Ashby*, 2 Gilm. 166.

2. The authority of the marshal or sheriff to sell, is derived from the judgment, and execution issuing thereon. And it is conceded that there cannot be a sale legally made under execution, unless there has been a levy of the property sold. The title of " the purchaser depends upon the judgment, the levy, and the sale;" and in all cases, in which titles derived under execution-sales are upheld, the courts proceed on the presumption that there was a levy of the execution.

In order to constitute a valid levy on personal property, it is said, the sheriff must have it in his possession, or under his control, or perform some act with the intent of taking possession of it, which, if the judgment and execution under which he acts were void, would make him liable as a trespasser. But in regard to lands, what will amount to a levy is not so clearly understood. The levy does not transfer the property or pass the title to lands. And as the sheriff, in virtue of the execution, cannot rightfully enter and take possession of the lands, the levy cannot divest the possession of the defendant in the execution.

At most therefore he can only make known, by some overt act or declaration, his intention to levy or raise the money by a sale of the land. This might be done by giving notice to the defendant of such intention, or by entering on the execution a description of the land. In the latter case, the indorsement on the execution would be nothing more than evidence of the levy previously made. Or if in law, the entering the description on the execution would of itself constitute a levy; the act of advertising the land for sale would be equal evidence of the levy, and should, for manifest reasons, be held tantamount to an actual levy. For if it be assumed, that the entering the description of the land on the execution, amounts to an actual levy, until it is made a part of the sheriff's return, and until it is actually returned into the clerk's office, it remains a mere matter *in pais*, an official act of the sheriff, like that of advertising the land, which the law authorized and required him to perform. And if any part of the object of a levy on land, be to give notice, either to the defendant in the execution or to the

public, that purpose would be more effectually subserved by an advertisement, in the mode prescribed by law, than by the officer's writing a description of the land, upon the back of the execution.

But it is not material whether the advertisement be held tantamount to an actual levy, or whether it be regarded as evidence of a levy previously made, as in all cases in which lands have been advertised and sold under a valid judgment and execution, and a deed made to the purchaser, a levy will be presumed. *Ware* v. *Bradford,* 2 Ala. Rep. 682; *Work* v. *Hunter,* 1 Cam. and Norwood's Rep. 527; 3 A. K. Marshall's Rep. 619; and cases above cited.

The decisions upon this subject are based upon the policy of the law, to encourage purchasers at execution-sales, who would be deterred from buying, to the detriment both of the debtor and creditor, if sales made by an officer of the law, and appearing to have been conducted in conformity with its requirements, should be avoided on account of some irregularity which could not be known at the time; and also upon the general principle of reposing faith in the acts of ministerial officers. The principle above laid down, of course, would not apply, if the conduct of the purchaser be fraudulent.

It follows from what we have above said, that the sale under the execution, and the marshal's deed to Ewing, were valid, and vested in him, whatever title and interest the plaintiff in error held in the land, as fully as if he himself had made the deed. The defendant's was, therefore, the superior title; or to speak more appropriately, the plaintiff showed no title whatever.

Judgment affirmed.