HYMAN, Respondent, vs. LANDRY and wife, Appellants.

*April 18—May 8, 1908.*

*Fraudulent conveyances: Statute: Construction: Effect: Entry of judgment after conveyance: Lien: Creditor's remedies: Execution: Levy on real estate: Necessity: How made: Sufficiency.*

1. The word "void" in sec. 2320, Stats. (1898), relating to conveyances of property in fraud of creditors, means voidable.

2. If a debtor, by collusion with another, conveys his realty to such other in fraud of his creditors, notwithstanding sec. 2320, Stats. (1898), the title to such realty thereby passes to such other, subject to such remedies as the law affords the creditors to reach the same for the satisfaction of their claims.

3. In case of a conveyance of realty, falling under the condemnation of sec. 2320, Stats. (1898), a judgment subsequently entered in favor of a creditor, intended to be defrauded, does not by such entry alone, become a lien on such realty.

4. In case of the entry of a judgment in the circumstances before stated, the judgment creditor may obtain a lien on the realty by an execution levy, and then maintain an action in equity to remove the cloud thereon consisting of the fraudulent transfer.

5. In case of the entry of a judgment in the circumstances stated, the judgment creditor may, without first obtaining a specific lien on the realty, enforce his right thereto, conditioned upon his not having any remedy at law to collect his claim, by an action in equity to remove the fraudulent transfer, interfering with such judgment attaching to the property.

6. Real estate is not subject to an execution levy, in the sense of an actual seizure of the property, as in case of personalty, but it may be constructively levied upon, a specific lien being thereby obtained.

7. There is no way pointed out by statute for making a levy on real estate under an execution.

8. Any overt act by an officer holding an execution collectible out of realty, showing a formed purpose to appropriate such property to the satisfaction of the writ, such as an advertisement upon such writ of a levy upon the property, with the purpose of pursuing the same to effect, is an efficient levy thereon.

9. In an action to remove a fraudulent transfer of realty, interfering with an efficient sale thereof under an execution levy, the complaint sufficiently shows the acquirement of a specific lien by means of such levy, if it shows a legitimate basis for an exe-

cution and that before the commencement of the action execution was duly issued upon the judgment and the property was thereunder duly levied upon.

10. It is sufficient in a complaint for a legitimate basis for a valid execution against an alleged judgment creditor, to show that the judgment was "rendered and entered" in an appropriate jurisdiction.

    [Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for Lincoln county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

The complaint contained, in substance, this statement of facts: May 12, 1903, defendant *John Landry* was indebted to plaintiff and on that day he commenced an action in the circuit court for Lincoln county, Wisconsin, to recover the amount thereof. Such proceedings were duly had therein that November 22, 1905, judgment was rendered and entered in plaintiff's favor for $1,236.24. No part of such judgment has been paid. When such action was commenced said *Landry* owned certain real estate in said county, describing the same, which was not exempt from seizure and sale on execution. For the purpose of defrauding plaintiff said *Landry,* July 21, 1905, without consideration, fraudulently, by deed so executed as to be entitled to be recorded, conveyed said real estate to defendant *Roselia Landry* and the deed was duly recorded. The grantee in such deed co-operated with the grantor to defraud the plaintiff. She is still the holder of the title to said land. Execution was duly issued on the judgment February 5, 1907, and delivered to the sheriff of said county, who, pursuant thereto, February 13, 1907, levied on said land. Plaintiff and the sheriff have been unable with due diligence to find any property belonging to said *John Landry,* other than the lands in question, subject to execution. The said conveyance is a cloud upon the title to said lands. The sheriff is about to advertise said lands for sale under said execution, but because of said cloud it will be impossible to realize anything on the sale.

There is an appropriate prayer for relief.

The defendants demurred to the complaint as not stating facts sufficient to constitute a cause of action. The demurrer was overruled and the defendants appeal.

For the appellants there was a brief by *G. M. Sheldon,* attorney, and *Reid, Smart & Curlis,* of counsel, and oral argument by *Mr. Sheldon.*

For the respondent there was a brief by *John Van Hecke,* and oral argument by *John Barnes.*

MARSHALL, J.   The supposed controlling reasons given by counsel for appellant why the complaint does not state facts sufficient to constitute a cause of action are: *First.* It is not made to appear that a lien on the lands was acquired by an execution levy to enforce the judgment, before the action was commenced. *Second.* It does not appear that before such commencement plaintiff exhausted his remedy at law by the issuance of an execution to enforce the judgment and a return thereof unsatisfied.

The law applicable to the complaint is settled in *French L. Co. v. Theriault,* 107 Wis. 627, 83 N. W. 927. There the previous decisions in relation to such matters were discussed and reconciled, as was and is supposed. The following rules were stated rendering future discussion of matters which had theretofore fallen into some confusion unnecessary:

1. A transfer of real estate in fraud of creditors is not wholly void under sec. 2320, Stats. (1898). The word "void," as used therein, means voidable.

2. A deed of real estate under such circumstances as to fall within the condemnation of such section passes the title to the property so that a judgment subsequently entered against the fraudulent grantee in the office of the clerk of the circuit court of the county where the land is located does not become, by reason of such entry, a lien on such land.

3. The judgment creditor can, nevertheless, obtain a lien on such land by issuing an execution and causing a levy upon the land thereunder to be made, in which case equity jurisdiction may be used to remove the impediment, consisting of the fraudulent transfer, to an advantageous execution sale of the property.

4. In case the judgment creditor does not obtain a lien in the manner aforesaid which equity jurisdiction can recognize and clear of the cloud thereon created by the fraudulent deed, he has, nevertheless, a right to a lien which equity will enforce by removing such transfer so that the judgment may attach to the land under the statute, on condition of his showing he is remediless at law to collect the judgment.

5. In case of the existence of a fraudulent transfer of real estate interfering with the collection of a judgment against the fraudulent grantee, the judgment creditor has, as indicated, two methods of obtaining relief: (a) By obtaining a lien upon the lands by levy under an execution issued upon the judgment and then prosecuting an action in equity to remove the cloud upon such lien; (b) by exhausting the remedy at law to collect the judgment from leviable assets of the judgment debtor, if there be any, and then prosecuting an action in equity to annul the fraudulent transfer so far as to enable the judgment to attach to the land.

From the foregoing it must be apparent that if the complaint in this case, by appropriate allegations, shows that there was a levy on the real estate in question under a valid execution prior to the commencement of the action, then, since all other facts essential to its maintenance for the purpose of removing the interference with an advantageous sale of the property created by the alleged fraudulent deed are stated, the demurrer was properly overruled and we need not consider the questions discussed which apply only to a case where there is a right to a judgment lien on realty and no legal remedy to enforce it, and as a condition of the

exercise of equity jurisdiction in the matter it is essential to show that the debt is not collectible out of leviable assets of the judgment debtor.

It is suggested that the complaint is fatally defective in that it does not show that there was a valid execution because there is no allegation that the judgment was docketed. Sec. 2968, Stats. (1898), provides that an execution may issue upon a judgment of the sort under consideration, when the judgment "shall have been perfected under the provisions of sec. 2894a, Stats. (1898)," and that section provides that "Whenever a finding shall be filed or a verdict rendered the successful party shall perfect the judgment and cause it to be entered. . . ." Note that the last step required to be done to perfect the right to an execution is the entry of the judgment. That act seems to be charged in the complaint in unmistakable language in these words: The "judgment was duly rendered and entered against the defendant, *John Landry,*" etc. But it is said that the complaint does not show that a levy upon the real estate under the execution was made before suit brought. The claim in that regard is based on the theory that an advertisement of lands for sale to satisfy an execution is essential to a levy thereon. So notwithstanding the allegation in the complaint that the sheriff "levied on said lands" under the execution "on the 13th day of February, 1907," it is rendered inefficient by the further allegation that the "sheriff is about to proceed to advertise said lands for sale under said execution," etc.

There cannot be any manual taking of land under an execution and so no actual seizure thereof, but there may be a constructive seizure, and it is universally called a levy upon the property, as is amply shown in the *French L. Co. Case.* There is language at one point in the opinion from which a person might suppose that it is essential to such a levy that the property be advertised for sale under the execution. It is there said:

"Such creditor can only avoid the fraudulent transfer and obtain a specific lien upon the property covered by it by a seizure thereof under a writ of attachment or execution, or, after the exhaustion of all legal remedies to collect the debt without success, by an appeal to a court of equity to remove the impediment to the judgment attaching to the property. . . ."

And again it is said, in discussing the case of *Gates v. Boomer,* 17 Wis. 455:

"These circumstances were present: an execution on the judgment and proceedings thereon against the property by a levy under the execution by advertising the property for sale as provided by law. . . ."

It was not intended thereby to suggest that the only way a levy can be made upon real estate is by advertising the same for sale under the execution. By no means. It was only intended to say that a levy was thus effected in that case. In close connection with the discussion of *Gates v. Boomer, supra, Cornell v. Radway,* 22 Wis. 260, is reviewed, in which the levy upon the property was spoken of as a circumstance which, in that instance, preceded the advertisement of the property for sale.

The statute does not provide any method for levying upon real estate under an execution. By a long line of authorities it is sufficient in making a levy on such property if the sheriff who holds the execution does any overt act by which he unequivocally shows a formed intent to appropriate the property, so far as necessary, to satisfy the writ. Advertisement for sale obviously is such an act, but not the only one. An entry properly dated and signed upon the execution of a levy, a mere paper levy so to speak, the intent being to thus set aside the property for satisfaction of the writ, is sufficient, as will be seen by reference to the following of many cases that might be cited where the subject has been considered: *Fenno v. Coulter,* 14 Ark. 38; *Herr v. Broadwell,* 5 Colo. App. 467, 39 Pac. 70; *Duncan v. Matney,* 29 Mo.

368; *Hall v. Crocker,* 3 Met. 245; *Blood v. Light,* 38 Cal. 649; *Hamblen v. Hamblen,* 33 Miss. 455; *Rodgers v. Bonner,* 55 Barb. 9.

The general trend of the above authorities is well illustrated by the decision in the last case cited, which is well stated in the syllabus in these words:

"In regard to real estate, it is not necessary that an officer holding an execution . . . go upon the property; it is not necessary that it should be even within his view. He must undoubtedly do some act; make some entry or memorandum indicative of his intention; but having done that, with such purpose in his mind, although he makes no vocal proclamation of the fact, he has made a legal levy."

In *Hamblen v. Hamblen, supra,* the court said:

"As the sheriff, in virtue of the execution, cannot rightfully enter and take possession of the lands, the levy cannot divest the possession of the defendant in the execution. At most, therefore, he can only make known, by some overt act or declaration, his intention to levy or raise the money by a sale of the land. This might be done by giving notice to the defendant of such intention, or by entering on the execution a description of the land."

Thus it will be seen that the complaint satisfies all the calls of the rules laid down in *French L. Co. v. Theriault,* 107 Wis. 627, 83 N. W. 927, for an action by a judgment creditor, who has obtained a lien under his judgment on land fraudulently conveyed by the judgment debtor before the rendition of the judgment, to cancel the conveyance. The conveyance of the land in fraud of creditors, the subsequent rendition of a judgment by plaintiff, one of such creditors, the issuance of a valid execution to enforce such judgment, and a levy upon the land thereunder are distinctly stated. Nothing further is required, so the order overruling the demurrer must be affirmed.

*By the Court.*—So ordered.