JAMES L. CARLSON, District Attorney Walworth County
You have inquired as to whether the sheriff of your county is entitled to the mileage fee allowed under sec. 59.28, Stats., for serving an execution against property, where he is unsuccessful in making a levy because he is unable to locate any property of the judgment debtor upon which he can levy.
Section 59.28, Stats., reads in part as follows:
 SHERIFF; FEES. Except as provided in subs. (2) (b) and (27), every sheriff is entitled to receive one-half of the following fees in advance for services providing the county board approves advance payment. The remaining one-half shall be deposited into the county general fund and shall not be paid to the sheriff in lieu of salary.
"***
 "(2) (a) Except in counties having a population of 500,000 or more, traveling in making service of any
summons, writ or other process, except upon criminal warrants, 15 cents per mile for each mile actually traveled going and returning. . . .
"***
 "(6) Serving an execution on a judgment, demanding payment thereof or other writ not provided for, $4." (Emphasis added.)
This office has previously indicated that a sheriff is entitled to only those fees and mileage charges which are specifically provided for by the statutes. 21 Op. Att'y Gen. 39 (1932), 53 Op. Att'y Gen. 44 *Page 141 
(1964). The latter opinion advised that under sec. 59.28 (2)(a), Stats., a sheriff, in other than a county having a population of 500,000 or more, can charge for mileage while serving civil process only when he is successful in making service.
An execution is "the process of the court." Sec. 815.03, Stats. See also Russell v. Lawton, 14 Wis. 202 (1861). Section 815.06, Stats., also provides that the return on the execution shall state how the officer "executed the writ." Mileage is due under sec. 59.28 (2)(a), Stats., if there is "service" of the execution.
The logical starting point for determining the meaning of "service of execution" is ch. 815, Stats. This chapter deals exclusively with executions; it outlines the procedures involved in issuing executions, levying upon personal and real property and so on. It recognizes three types of executions: those against the property of the judgment debtor, those against the person of the debtor and those for the delivery of property. Secs. 815.03
and 815.05, Stats. The chapter, however, neither defines nor mentions "service" of an execution.
Historically, it appears that "serving an execution" was the equivalent of "executing an execution," i.e., carrying out its terms by levy, etc. See sec. 10, ch. 131, Rev. Wis. Stats. (1849). Shortly thereafter, when the statutes took a form more similar to that of present day sec. 59.28, Stats., the predecessor to the present sec. 59.28 (6), Stats., was created to provide a fee for:
 "Serving an execution on a judgment for the recovery of real estate, or other writ not provided for, one dollar." (Emphasis added.) See sec. 1, ch. 133, Rev. Wis. Stats. (1858).
Since any overt act by which the sheriff unequivocally showed a formal intent to appropriate real estate was a satisfactory method for levying upon real estate under an execution, Hyman v.Landry, 135 Wis. 598, 603, 116 N.W. 236 (1908), notice of such seizure by service of the execution may have been considered such an overt act.
Thus, 3 Op. Att'y Gen. 745 (1914) advised that a sheriff who travels to serve an execution but fails to find property is not entitled to mileage, because "service" of an execution requires the actual performance of the duty commanded by it. This opinion is still accurate insofar as it defines service of an execution. An execution is an order of a court directing the sheriff to take steps necessary to *Page 142 
carry into effect the decree or judgment. See 33 C.J.S.Executions sec. 1. Such steps may include seizure and sale of property, sale of real estate, and so on. The sheriff must, in Wisconsin, within 60 days advise the issuing court of how he has executed the writ. Sec. 815.06, Stats. Thus, an execution, depending upon its express terms, may be "executed" in a number of ways. If the execution is returned even partially satisfied, then I believe that the sheriff is entitled to the full fee. In my opinion, the Legislature used "serving an execution" in sec.59.28 (6), Stats., as the equivalent of "executing an execution" in ch. 815, Stats. In a slightly different context than that posed in your question, the United States Supreme Court stated that service of an execution includes "every act and proceeding necessary to be taken by the sheriff to make the money." Fallowsv. Continental Savings Bank, 235 U.S. 300, 307 (1914). It follows that if the sheriff can find no property upon which to levy to satisfy the judgment, then the writ has not been executed and there is unsuccessful service.
Section 59.28 (6), Stats., was amended by sec. 1, ch. 618, Laws of 1957, and presently provides for payment of the fee thereunder not only for "serving" an execution, but also for "demanding payment thereof." Such language indicates that the sheriff is entitled to a fee for his services in demanding payment on an execution on a judgment, even if the sheriff's efforts do not result in successful service of the execution.
Although sec. 59.30 provides that the sheriff's fees "upon the service of an execution" shall be collected by virtue of the execution in the same manner as the sum directed to be collected, in the case of unsuccessful service where a fee is nevertheless due, the party who requested the execution is liable to the sheriff for the fee. In American Wrecking Co. v. McManus,174 Wis. 300, 318, 181 N.W. 235 (1921), the court stated:
 ". . . One who delivers a writ to a sheriff for service and execution is liable to the sheriff for the amount of his lawful fees and charges therefor. . . ."
BCL:JCM *Page 143