## WALKER v. WOODS.

PLAINTIFF sues the Sheriff for seizing certain chattels claimed by plaintiff. Defendant justifies under a writ of attachment in the suit of F. v. C., and also under an execution issued upon a judgment had in that suit, setting up that plaintiff claimed the chattels by purchase from C., and that such purchase was fraudulent as to F., a creditor of C. After the evidence on both sides was closed, the Court, on motion of plaintiff, struck out the attachment proceedings, judgment and execution and all evidence justifying thereunder, on the ground that defendant had not proved *all* of the debt upon which the attachment issued. *Held*, that this was error ; that, had no debt been proved, the judgment and execution being introduced, with an offer to show a levy and sale thereunder, were enough, if not to justify the first seizure under the attachment, at least to diminish the damages, by showing that the property was appropriated by law to the proper purpose, to wit : paying C.'s debt, if it really were his property, or subject, as his, to the process because of the fraud.

But even if any proof *aliunde* of C.'s indebtedness were required, when the attachment papers, affidavit, undertaking, etc., were regular on their face, the judgment was *prima facie* sufficient to admit the attachment papers in proof.

Walker *v.* Woods.

If, in justification by the Sheriff under such attachment, judgment and execution, it be necessary to aver in the answer that the writs of attachment and execution were returned executed by the Sheriff, still the omission of this averment, though it might have been ground of demurrer, was no ground for rejecting all evidence under such justification.

Plaintiff here cannot dispute the regularity of the proceedings in such attachment, unless they were void on their face. Defendant could show his attachment proceedings, the judgment, execution and levy, and then that the sale by C. to plaintiff was fraudulent. No proof of the indebtedness of C. to F. was necessary, after showing the affidavit, undertaking and attachment; and no irregularities—in justifying sureties and the like—could be availed of by plaintiff.

APPEAL from the Tenth District.

Replevin for certain mules and saddles, alleged to have been wrongfully seized and detained by defendant, plaintiff claiming to be the owner thereof.

Defendant denied the ownership of plaintiff, etc., and justified the seizure, in his capacity of Sheriff, under an attachment at the suit of *Crafts & Farish* v. *Conn*, and under a judgment and execution in said suit. The answer set up specially the regular legal proceedings in procuring the attachment, and that plaintiff claimed to be owner of the property seized, by purchase from said Conn, which purchase is averred to be fraudulent and void as against Crafts & Farish, who, it is averred, were, at the time of their attachment, and now are, creditors of Conn. It is further averred, that the sale to plaintiff was not accompanied by immediate delivery, nor followed by an actual and continued change of possession; that Conn was at the time deeply indebted to others, and insolvent to the knowledge of plaintiff, who colluded with Conn to defraud his creditors.

The Sheriff sold the property under said execution, and applied the proceeds to the judgment of Crafts & Farish. On the trial, and after evidence had been introduced on both sides and plaintiff had rested in rebuttal, he moved to strike out all the evidence introduced by defendant under the plea of justification; the motion was granted for the reason stated in the opinion of this Court, and on the ground that plaintiff, being a stranger to the suit, the debt must be proved, and the jury were charged that defendant could not justify under the attachment, judgment and execution.

Verdict for plaintiff. Defendant appeals.

*H. K. Mitchell,* for Appellant.

Walker *v.* Woods.

1. Defendant was not bound to prove, by evidence other than the affidavit for attachment, the debt upon which the attachment issued. If the writ of attachment was regular on its face, and regularly issued, the officer was protected. The affidavit and undertaking are *prima facie* evidence of their contents.

2. The Court erred in holding that an officer, justifying under process against a third party, must not only show the process regularly issued, but must prove the entire debt, and that proof of part of the debt is insufficient. If the first point of error is-untenable, and the officer is required to prove the debt, he will be protected by the process if regularly issued, when a debt has been shown which gives to the Court out of which it issued jurisdiction, and which places the officer in the position of a creditor.

3. If the writ of attachment was properly stricken out, the Sheriff was protected under the judgment and execution, and plaintiff could recover nothing more than nominal damages for the seizure and detention.

*G. N. Swezy,* for Respondent.

1. The defendant failed to prove *aliunde,* that Conn owed Crafts & Farish the full amount claimed in their writ of attachment. (3 Chitty's Pl. 1087—1097; 2 Saunders' Pl. 651; 5 Hill, 194; 9 Bac. Ab. Title Trespass; 2 Greenl. Ev. Id.; 6 Id. 311; 1 A K. Marsh. 63; *Thornborough* v. *Hand,* 7 Cal.; 2 Wisconsin, 210; 11 Johns. 132; 14 N. H. 441.)

2. Defendant did not aver in his answer that he had returned the writs of attachment and execution. (6 Cush. 242; 10 B. Munroe 309; 11 Eng. C. L. 553.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

Trespass against the Sheriff for seizing chattels claimed by the plaintiff. The defendant justified under a writ of attachment, and also under an execution issuing upon a judgment had in the attachment suit. On the trial, the Court ruled out the attachment proceedings and the judgment and execution, on the ground that the defendant had not proved all of the debt upon which the attachment issued. But the Court manifestly erred in this ruling. If no debt had been proved, as the defendant introduced the judgment and execution, and offered to

Walker *v.* Woods.

show a levy by him and a sale of the property under the execution, this was enough, if not to justify the first seizure under the attachment, at least to diminish the damages, by showing the property was appropriated by law to the proper purpose—the payment of the debt by Conn, if really it was his property, or subject, as his, to the process ; and if it were fraudulently conveyed by Conn to the plaintiff, of course, it would be so subject. But if any proof *aliunde* of indebtedness of Conn were required, when papers in the attachment cases were regular on their face, the judgment afterward obtained in the attachment suit was *prina facie* sufficient to admit the attachment papers in proof.

We see nothing in the various grounds upon which the exclusion of all this testimony was urged to justify it. The answer, it is true, does not distinctly aver that the writs of attachment and execution were returned executed by the officer ; but if this were necessary to justify the officer, the omission of the averment, though it might have been ground of demurrer, was no ground for the rejection of all this proof. The variance of a few dollars between the sums in the complaint and in the judgment was immaterial, and the plaintiff was in no position to dispute the regularity of the proceedings in attachment, as they were not void on their face ; nor is the fact that the answer does not show that the property was seized in Yuba county, any reason for excluding all this proof.

The defendant should have been permitted to show his attachment and proceedings, and the judgment, execution and levy, and then that the sale by plaintiff to Conn was fraudulent. This last fact could be established, by showing that the possession of the property was not changed after the alleged sale, or by circumstances showing that it was a mere color. No proof of indebtedness was necessary after showing the attachment, affidavit and undertaking ; and no irregularities—in justifying the sureties or the like—could be availed of by the plaintiff.

The whole question then became a question of a sale by Conn to the plaintiff, and of the *bona fides* of the sale ; and this issue can be determined on another trial by the application of rules and principles already established by this Court.

We do not consider it necessary to notice the various other points taken in this case. What we have said, is decisive of the case upon the main proposition involved, and sufficiently indicates our views of the course to be adopted in the next trial.

Judgment reversed and cause remanded for a new trial.