DAN ROTH, APPELLANT, *v.* JOHN DUVALL ET AL., RESPONDENTS.

SHERIFF—SERVICE OF PROCESS.—It is well settled that a sheriff can not refuse to serve process regularly issued to him because in his opinion it is defective or irregular.

EXEMPT PROPERTY—JUDICIAL DISCRETION.—The question as to whether property is exempt from execution involves the exercise of judicial discretion, and its decision is not confided to the action of the attaching officer.

SHERIFF—INDEMNIFICATION.—When the sheriff has doubts as to the legality of a levy in the first instance, he may refuse to execute the writ unless indemnified; but if he does attach and returns his writ, he places all question as to its validity before the court.

SHERIFF—PRESUMPTION.—Every intendment of law is in favor of the regularity of the proceedings of a sheriff under an attachment or execution, and nothing but willful disregard of the rights of others will subject him to liability.

ATTACHED PROPERTY—APPLICATION FOR RELEASE.—An application for the release of property held under attachment or execution returned into court, should be made to the court or judge, and not to the attaching officer.

SHERIFF.—If a sheriff execute the writ on property, and does not affix such a value as will charge him with less than the plaintiff's claim, he is presumed to have satisfied himself that he had sufficient, and is chargeable on that basis.

APPEAL from the third judicial district, Ada county. An action on the official bond of the sheriff. After the motion on the pleadings for judgment was denied, a trial was had by the court, and judgment rendered for defendants on the ground that the property levied on under the attachment was exempt from execution, and was for that reason released by the sheriff. The objection that the sheriff could not justify his action in releasing the property under his return on the execution because such return was

made after the time allowed him in which to make such return had expired, was not made in the court below. After final judgment, an appeal was taken to this court, without interposing a motion for a new trial.

*Scaniker & Burmester,* for the appellant.

*Miller & Prickett, and W. A. George,* for the respondents.

McBride, C. J., delivered the opinion of the court, Cummins, J., concurring.

This case is an appeal from the district court of the second judicial district, and the error assigned is that a motion by the plaintiff for the judgment on the pleadings was overruled and excepted to. This exception is brought here for review, and its validity depends upon whether the defendants in their answer set up any defense to the action.

The defendants claim that the plaintiff has not shown that there is any point properly brought for review before this court. The fact seems to be that when the judge overruled the motion of plaintiff in the court below, the plaintiff excepted to the ruling, and the judge certifies to the fact, and to the use of certain records on the hearing of that motion. This ruling of the judge is appealed from, and the plaintiff, in his brief, points out the ground of objection. This we think sufficient to bring the point decided before this court. The exception being taken, and noted by the judge at the time, and on appeal the plaintiff having assigned the judgment as error, it is properly before this court.

We proceed, therefore, to consider the questions presented by this exception. The facts, as presented by the pleadings and accompanying papers, are as follows: The plaintiff, Roth, on or about the twenty-fifth day of February, A. D. 1867, brought a suit in the district court of Ada county, against one Dr. Ephraim Smith for the sum of two hundred and sixty dollars, and interest and costs, and by a writ of attachment issued in said suit the defendant, Duvall, as sheriff of said county, levied upon certain goods and personal property belonging to the defendant to secure the

claim of the plaintiff in said suit. The return of the sheriff on the attachment shows that he took possession of the goods, and gives a schedule of the same; that they consisted of various drugs and medicines, and the bottles and jars in which they were contained.

On the eighth day of March following the levy of the attachment, the plaintiff, having obtained judgment against the defendant in the action, issued an execution thereon, directed to the sheriff and requiring him to make a return thereof within ten days. The sheriff received the execution on the same day last mentioned, and on the nineteenth day of March following made return of the same, stating therein that having become satisfied that the property which he had levied upon, under the writ of attachment, was exempt from execution, he had released it to the defendant, and that being unable to find any other property of the defendant, Smith, wherewith to satisfy the execution, the same is unsatisfied. These facts appear from the complaint and answer, and the writ of attachment and execution in the action of *Roth* v. *Smith,* referred to by them. It does not appear from the papers when the release of the property held under the levy of attachment was made, except that it does appear that it was after the receipt of the execution by the sheriff.

Under this state of facts the plaintiff brings this action against the sheriff and his sureties, and alleges that he is liable to him for the amount of the judgment recovered in the suit of *Roth* v. *Smith,* by reason of his failure to sell the property held under the levy by attachment, and for his neglect to make return of the execution in said suit within the time required. The defendants admit the facts stated in the complaint, but allege that the judgment in the suit of *Roth* v. *Smith* was invalid and irregular; that the execution in said cause was irregularly issued; that the attachment was wrongfully and unlawfully levied upon the goods of Smith; that the same were by law exempt from execution, and that being satisfied that such was the fact after the receipt of the execution, they released them.

Do these facts constitute a defense to the action in this

case? It is well settled that the sheriff can not refuse to serve process regularly issued to him because in his opinion it is defective or irregular. (Drake on Attachment, sec. 185; also 15 Cal. 66.) We think, therefore, that so much of the defendant's answer as undertakes to defend this action by impeaching the regularity of the judgment and execution in the suit of *Roth* v. *Smith* is without merit, and should be disregarded. It sets up no fact which constitutes any defense. If the defendant in that suit, Smith, did not choose to attack those proceedings, the sheriff can not be permitted to do it for him, and however defective they may· have been, the latter had nothing to do with the case except to execute the process in the usual way.

The next matter of defense is that the property taken by the sheriff, under the attachment, and afterwards released under the execution, was exempt and not liable for the plaintiff's judgment, and the defendants claim that this being the case, the plaintiff could not be damaged by reason of his failure to make the money, for the reason that a levy upon the property would have been illegal. To determine the question properly, we must consider what the rights and duties of the officer are under such circumstances.

By the statute of 1864, it was provided that when property is levied upon by the sheriff under attachment or execution, and it is claimed to be exempt from execution, the sheriff was directed to impanel a jury of discreet persons to examine and determine the question, and if the decision was adverse to the claim of the debtor, he was permitted to give bond with sufficient sureties and have the controversy submitted to the court for its decision.

These provisions of the practice act were repealed by the legislative assembly at its third session, and there is now no method for determining a controversy as to whether property is or is not exempt specifically pointed out by the statute. It is now provided that when a third party claims the property taken by the sheriff he shall summon a jury of six men who shall hear and determine the validity of the claim, and authorizing the sheriff if the verdict be in favor of the claimant to relinquish the levy, unless the plaintiff shall in-

demnify him, in which case he must proceed and sell. But this provision does not avail an execution creditor, and there is no statute at this time which directs any mode of proceeding in a case like the present. The question therefore is, What is the proper proceeding when property is attached and claimed to be exempt in order to procure its release? Is the sheriff authorized after he has attached it and has returned the writ into court to release it, and justify by showing that it was in fact exempt? If the law should permit him to determine the question, then, unless he was guilty of intentional error, it should protect him in whatever determination he might arrive at. This satisfies us that such a question is not confided to the action of the officer. Its release involves judicial discretion, and this doctrine is supported by the fact that even under the former statutory proceeding by a sheriff's jury, it was not conclusive, and a claimant might insist upon his right to be heard before the court upon giving bond; and even now, in the case of a claim by a third party, the creditor, by indemnifying the sheriff, may compel him to proceed, in defiance of an adverse decision by a sheriff's jury.

If the law did not allow a sheriff to be concluded by a verdict of the jury impaneled to try the question, can it be supposed that when the proceeding by such jury is abolished the question is to be referred to him alone?

When the sheriff has doubts as to the legality of the levy in the first instance, he may refuse to execute the writ unless indemnified, but if he does attach and returns his writ he places all question as to its validity before the court. Every intendment of law is in favor of the regularity of his proceedings, and nothing but willful disregard of the rights of others will subject him to liability. The writ when once returned is not in his power—the property itself is in the custody of the court, and an application for its release should be made, not to the sheriff, who holds it subject to the order of the court, but to the court or judge. We do not feel, in this case, that it is essential in order to sustain the decision which we shall render, to affirm that the sheriff would not be discharged if it should appear that the prop-

erty which he attached was in fact exempt, for even if we admit that it was, yet the sheriff did not perform his duty as it clearly appears. By the writ of execution issued to him on the eighth day of March, 1867, he was commanded to proceed under said writ, and make due return within ten days. This he did not do. How is the court to know that he did not hold the property, which he attached on the twenty-fifth of February, during the whole time up to the day when the vitality of the writ of execution expired, and then released it? He should, at the least, have shown that the release of the property took place within the time required for the return to be made on the execution. Authority that an officer who does not return the writ within the time is personally liable on his bond for the amount claimed in the execution is abundant. If he does not return the writ it is presumed that it is because he has made the money, and if he has not done so he should make his return for his own protection and discharge. (12 Cal. 539; Crocker on Sheriffs, 170; 2 U. S. Dig. Sup. 777.)

Although it will be perceived that we are of opinion that a sheriff has no authority to release property which he has attached and made return of, even if it is exempt by law, but that such release should be made by order of the court or judge, the present case is made conclusive against the sheriff, by his neglect to return the execution. If he took the risk of releasing the property on the ground that it was exempt, he should, at least, to justify the act, show that the release took place within the time which was prescribed for the return of the execution. Not having done so, his liability is complete and fixed, and the right of the plaintiff to recover in this case we think clear.

The only further question is as to the value of this property. For his own protection, the sheriff should affix his valuation by the return; also for the information of the plaintiff. If he executes the writ on property, and does not affix such a value as would charge him with less than the plaintiff's claim, he is presumed to have satisfied himself that he had sufficient, and he is chargeable on that basis. To allow him the benefit of any other rule would be to permit

him to defraud the plaintiff by a defective return, leading him to suppose he had ample security for his debt, and then protect himself by showing that he had not performed his duty. The writ directs him to attach and keep so much property as is necessary to secure the demand, and if he attaches less he should show it by his return, or he will be chargeable for the deficit. Any other rule would give a dangerous license to officers, and subject an attaching creditor to the risk of a fraud, against which he would be powerless to guard.

Sheriffs have extraordinary powers given them to enable them to perform their duties. When these are faithfully and honestly performed they are always protected; but such powers involve corresponding diligence and fidelity, and for any breach of official duty, either by negligence or design, they are held strictly accountable. The protection of litigants and the officer both require a rigid adherence to these reciprocal obligations. The judgment is, therefore, reversed, and the cause remanded to the district court, with a direction to enter a judgment for plaintiff for the amount of his claim, and also for the statutory penalty imposed in such cases.

### OPINION OF PETITION FOR REHEARING.

CUMMINS, J., delivered the opinion of the court on petition for rehearing, McBRIDE, C. J., concurring.

Respondents move on petition for a rehearing of this cause chiefly upon the grounds:

1. Appellant raised and argued to the court other matters of alleged error on the part of the court below than the ruling of said court in denying plaintiff's motion for judgment on the pleadings; that "respondents were taken by surprise, there being no statement on appeal, or bill of exceptions, etc., that any matter whatever should have been argued by counsel, or considered by the court, except said ruling of the court below in overruling the motion for judgment;" and,

2. "Respondents were taken by surprise that evidence was used on the hearing other than the judgment roll proper," etc.

If the first alleged cause of surprise were sufficient upon which to grant a motion of this character, there is scarcely a case argued in this court upon appeal that would not require the same order. It would certainly be a strange rule that because the appellant pursued a different line of argument in this court from that pursued in the court below, therefore, if successful, respondents could complain of being surprised, and for that reason be allowed to argue their cause again.

It is very seldom that precisely the same argument is twice made in all its particulars, especially when one is made during the progress of the trial at *nisi prius*, when it frequently occurs that but little time for deliberation and search among authorities is given. Besides, this court has but little to do with the particular reasons or arguments upon which the court below based its order denying the motion for judgment. The only question presented to that court for determination was the motion for judgment, predicated upon the assumed sufficiency of the complaint and the total insufficiency of the answer in law, it being claimed by the appellant that it did not even shadow forth a defense. This motion was denied, and it may have been primarily upon the ground that the property attached was exempt from forced sale on execution, and that the sheriff had the right to release such property, return *nulla bona*, and take upon himself to prove that such was its character, without any reference to the fact that the return on the execution upon which reliance is placed to justify the release of the property being mentioned. The only error complained of was the order of the district court denying this motion, and this was assigned as error in this court. Under this assignment of error it certainly was competent for appellant's counsel to adduce any argument their ability might suggest, which tended to show that the denying of such motion was denying to their client a legal right; and, as I have already remarked, the defendants attempted to justify their action in releasing the property levied on under the attachment, on the ground that it was exempt from levy, and so returned on the execution, or attempted to. Now,

as the sheriff had the property when the execution was placed in his hands, and having already returned the attachment into this court, it became absolutely necessary for him to make return of his action in the premises on the execution and to justify by that return. Hence, this return became a legitimate object of attack by the appellant, and of impeachment if not sufficient in law under his motion for judgment on the pleadings, the return having been referred to in the answer. The objection to the sufficiency of the return was not an error which was required to be assigned in order that the complaining party might take advantage of it.

No statement on appeal was necessary, nor any other bill of exceptions than was furnished by the motion and the certificate of the judge that it was denied and the ruling excepted to at the time. This, as already observed, was the only error assigned, and the only one passed under review by this court.

The second ground of complaint is, that evidence other than the judgment roll proper was used on the hearing in this court. As was stated by the chief justice in the opinion of the court delivered in this case, the certificate of the judge before whom the trial was had, that certain official records were read on the argument of the motion in the first instance, together with the fact that the same records were referred to in the answer as containing a more full and explicit statement of the facts constituting the justification of the defendants, were sufficient on which to permit appellant to use these records on the hearing of the motion in the court below and on appeal.

As no issues of fact were desired to be reviewed by the appellant, there was no necessity of a motion for a new trial or a statement of evidence, and hence none was made. The language of the answer in referring to these records, after reciting a certain state of facts, is in these words: "As will more fully appear by the judgment roll on file in said clerk's office, and to which reference is hereby made."

It is also said that the action was virtually for a false return, and therefore the defendants were surprised that

counsel should have insisted on the liability of defendants on the ground that the sheriff failed to return the execution at all, or at least within the time required. On an examination of the complaint it will readily be seen that the action is based upon the liability of the sheriff for not making the judgment on execution, it being alleged that such sheriff had property in his hands at the time he received the execution out of which he might have satisfied the same, but that he failed and neglected to do so. Having had the property in his possession and keeping the execution beyond the time in which to make his return fixes his liability to the judgment creditor.

It is also complained that the respondents were not furnished with, or apprised of the appellant's points upon which he would rely for a reversal of the judgment, until the argument was commenced. This is true; but while it may be fault in the practice, it is nevertheless permitted by the rules of the court, and hence is no ground for rehearing.

I have thus carefully examined the petition for rehearing, but do not find sufficient in it to warrant this court in granting this motion. We are confirmed in the opinion that we took the correct view of the case in the argument already made, and that if we were to grant another argument the result would be the same.

Petition for rehearing denied.