(December 17, 1913.)

## CHRIS PETERSON, Appellant, v. ANDREW MERRITT et al., Respondents.

[137 Pac. 526.]

FALSE IMPRISONMENT—SERVICE OF PROCESS—REGULARITY OF PROCESS—JUSTIFICATION BY OFFICER.

1. Under the provisions of sec. 2035, Rev. Codes, a sheriff or other ministerial officer is justified in the execution of all process and orders regular on their face and issued by a court of competent jurisdiction, notwithstanding any defects which may have occurred in the proceedings upon which they were issued.

2. Where a court of competent criminal jurisdiction arraigned a prisoner on an information, charging violation of the prohibitory liquor laws of the state and the defendant pleaded guilty thereto, and the court announced a judgment of fine and imprisonment against the prisoner and made and entered a judgment and caused a *remittitur* to issue, and thereafter and before the delivery of the *remittitur* to the officer and upon payment by the defendant of the fine and costs suspended the sentence of imprisonment and ordered the prisoner discharged, and thereafter directed the clerk to issue the *remittitur* to the sheriff, and the sheriff received the same and served it upon the defendant and arrested him and imprisoned him in the county jail under such commitment, and the prisoner was thereafter discharged on writ of *habeas corpus* and sued the officer for false imprisonment; *held*, that the commitment, being regular on its face and having issued from a court of competent jurisdiction, was a protection and justification to the officer and that such officer is not liable in damages for false imprisonment.

3. Where a sheriff acts under process fair and regular on its face, which is issued from a tribunal having jurisdiction of the person and subject matter, and arrests the person against whom such process has issued and obeys the directions and mandates thereof, he is not liable for false imprisonment, even though irregularities were committed or the process was obtained or sued out in the first place wrongfully, fraudulently or unlawfully.

APPEAL from the District Court of the Eighth Judicial District for Bonner County. Hon. Robert N. Dunn, Judge.

Action for damages for false imprisonment. Judgment for defendant. Plaintiff appeals. *Affirmed.*

F. M. Molyneux, for Appellant.

Although a writ is fair on its face, yet as the officer knew facts rendering it void, or could have known by reasonable diligence, or by virtue of his office should have known, having been put on his inquiry, he would be liable, and this is a fact, as to whether or not the sheriff did know or could have known that the writ was void, and such fact should have been submitted to the jury for their determination.

This court has held in the matter of the application · of Chris Peterson for a writ of *habeas corpus* (19 Ida. 433, 113 Pac. 729, 33 L. R. A., N. S., 1067), that the commitment under which appellant was taken into custody was void and without authority of law.

"An officer is bound to know. the law and to know the jurisdiction of the court whose officer he is. If, therefore, he does an act in obedience to a precept of the court and the court has no jurisdiction of the matter, either because the statute under which the court acts is unconstitutional or there is a want of jurisdiction or any other reason, it would seem that the officer is not protected." (*Tellefsen v. Fee,* 168 Mass. 188, 60 Am. St. 379, 46 N. E. 562, 45 L. R. A. 481; *Fisher v. McGirr,* 1 Gray, 1, 61 Am. Dec. 381; *Warren v. Kelley,* 80 Me. 512, 15 Atl. 49; *Batchelder v. Currier,* 45 N. H. 460; *Campbell v. Sherman,* 35 Wis. 103; *Sumner v. Beeler,* 50 Ind. 341, 19 Am. Rep. 718; *Wise v. Withers,* 3 Cranch (U. S.), 331, 2 L. ed. 457.)

*Breck v. Blanchard,* 20 N. H. 323, 51 Am. Dec. 222, holds officer liable for levying execution where judgment was paid, but not shown on record, holding him liable on account of knowledge alone, although the execution was fair on its face. (See, also, *McDonald v. Wilkey,* 13 Ill. 22, 54 Am. Dec. 423.)

An arrest under a void warrant for a false imprisonment affords no justification to a party thereto for any action un-

der it. (*Neimitz v. Conard,* 22 Or. 164, 29 Pac. 548; *Frazier v. Turner,* 76 Wis. 562, 45 N. W. 411. Other cases cited in note 2, 12 Am. & Eng. Ency. of Law, 744. Also *Gelzenleuchter v. Niemeyer,* 64 Wis. 316, 54 Am. Rep. 616, 25 N. W. 442.)

E. W. Wheelan, for Respondents.

Sec. 2035, Rev. Codes, was construed by this court in *Coombs v. Collins,* 6 Ida. 536, 57 Pac. 310; *Pecotte v. Oliver,* 2 Ida. 251, 10 Pac. 302; *Roth v. Duvall,* 1 Ida. 149; *Hallett v. Parrish,* 5 Ida. 496, 51 Pac. 109.

The general rule is that an executive officer is protected from liability for false imprisonment by a warrant which is valid on its face and issues from a court having general jurisdiction of the subject matter. (*Savacool v. Boughton,* 5 Wend. (N. Y.) 170, 21 Am. Dec. 181; *State v. Weed,* 21 N. H. 262, 53 Am. Dec. 188; *Marks v. Sullivan,* 9 Utah, 12, 33 Pac. 224; *Trammell v. Town of Russellville,* 34 Ark. 105, 36 Am. Rep. 4; *Hofschultee v. Doe,* 78 Fed. 436.)

The law does not require the officer "to be wiser than his process." (*Richards v. Nye,* 5 Or. 382.) He is not called upon to judge of the regularity of the proceedings of the tribunal which commands the duty. (*Sandford v. Nichols,* 13 Mass. 286, 7 Am. Dec. 151.) If it is sufficient in point of form and purports to have been issued in a cause or matter over which the tribunal had jurisdiction to issue such process, it is enough. (*Brown v. Henderson,* 1 Mo. 134.)

All that is required is that it shall be *prima facie* valid—good upon the face of it. (*Atwood v. Atwater,* 43 Neb. 147, 61 N. W. 574; *State v. McNally,* 34 Me. 210, 56 Am. Dec. 650; *Clarke v. May,* 2 Gray (Mass.), 410, 61 Am. Dec. 470.)

AILSHIE, C. J.—This action was instituted to recover damages for false imprisonment.

Respondent Merritt was sheriff of Bonner county and the Fidelity and Deposit Co. was surety on his official bond. The appellant was taken into custody under process issued out of the district court in and for Bonner county and was held in custody by the respondent as sheriff of the county.

The appellant was subsequently released on a writ of *habeas corpus* sued out in this court. (*In re Peterson*, 19 Ida. 433, 113 Pac. 729, 33 L. R. A., N. S., 1067.) Appellant was discharged by the judgment of this court on the ground that he was being unlawfully detained, in that the trial court had exceeded its jurisdiction in ordering the appellant imprisoned after he had complied with a former order and judgment of the trial court.

It appears, as will be seen from an examination of the statement contained in the Peterson case (*supra*), that Peterson pleaded guilty to the charges contained in two informations filed against him in the district court of Bonner county, wherein he was accused of violation of the local option law which was then in force in Bonner county. The court had pronounced sentence against the defendant in each of those cases; in one that he be imprisoned in the county jail of Bonner county for six months and pay a fine of $300 and the costs of the prosecution; in the second case, the sentence directed an imprisonment for six months and a fine of $200 and costs. The trial court, however, made an order that in the event the defendant paid the fines and costs, the sentence of imprisonment should be suspended until the further order of the court or judge thereof. The defendant thereupon paid the fines and costs in both cases and was released and discharged from custody. Thereafter and without further notice or proceeding the clerk of the court upon the direction of the court delivered to the sheriff of the county the commitments, and the sheriff thereupon apprehended the defendant therein named, who is appellant here, and held him as a prisoner in the county jail in accordance and conformity with the directions of the judgment and commitment. He thereupon sued out his writ from this court and was discharged thereon. He subsequently commenced the present action to recover damages from the sheriff and his bondsmen for false imprisonment, alleging that he was detained and imprisoned without authority of law.

The only question presented for our consideration in this case is whether or not the process which was delivered to the

sheriff and under which he apprehended and imprisoned the appellant constitutes a legal protection and justification for his action.

Section 2035 of the Rev. Codes provides as follows:

"A sheriff, or other ministerial officer, is justified in the execution of, and must execute, all process and orders regular on their face and issued by competent authority, whatever may be the defect in the proceedings upon which they were issued."

In *Roth v. Duvall,* 1 Ida. 149, the territorial supreme court, in considering the duty of the sheriff to execute process and his protection thereunder, said:

"It is well settled that the sheriff cannot refuse to serve process regularly issued to him because in his opinion it is defective or irregular. (Drake on Attachment, sec. 185; also *Walker v. Woods,* 15 Cal. 66.) We think, therefore, that so much of the defendant's answer as undertakes to defend this action by impeaching the regularity of the judgment and execution in the suit of *Roth v. Smith* is without merit, and should be disregarded. It sets up no fact which constitutes any defense. If the defendant in that suit, Smith, did not choose to attack those proceedings, the sheriff cannot be permitted to do it for him, and however defective they may have been, the latter had nothing to do with the case except to execute the process in the usual way."

The decisive question to be determined in the present case is whether the process under which appellant was arrested and detained was regular on its face and issued by a court of competent jurisdiction. The commitment which was delivered to the officer and which it was agreed was executed by him and under which he held this appellant reads as follows:

"At this day the defendant appeared in open court with his counsel, E. W. Wheelan, Esq., the state being represented by Peter Johnson, prosecuting attorney, and John A. Steinlein, Esq.

"Thereupon the defendant was informed by the court that an information had been filed against him charging him with

selling intoxicating liquor contrary to law, namely, whisky, and his plea of guilty as charged; and was then asked by the court if he had any legal cause to show why judgment should not be pronounced against him, and no sufficient cause appearing or being alleged, the court rendered the following judgment:

" 'It is the judgment of the law and the sentence of this court that you, Chris Peterson, be imprisoned in the county jail of Bonner county, State of Idaho, for six months, and that said term of imprisonment begin on the date of your admission into said jail, and that you pay a fine of $300, and that you pay the costs of this prosecution amounting to $44.30, and that in case said fine and costs are not paid, you be imprisoned in the county jail of said county, until said fine and costs are paid, at the rate of one day of imprisonment for each two dollars of said fine and costs, not exceeding —— days in all for such non-payment of fine and costs.

" 'Done in open court this 10th day of December, A. D., 1910.

" 'R. N. DUNN,<br>" 'District Judge.' "

It will therefore be seen from an examination of the commitment that appellant had been informed against upon the charge of selling liquor contrary to law and that he had pleaded guilty to the charge and that sentence had been regularly pronounced against him. The question then arises, Was the process regular upon its face and did it emanate from a competent authority? In the first place, selling liquor under certain circumstances is a violation of the penal laws of this state. It appears from this process that appellant had violated those laws and that he pleaded guilty to the charge. In the next place, the district court had jurisdiction to try such offenses and pronounce judgment therein. This process appears to have emanated from the district court in and for Bonner county. It did not appear upon the face of the process that the appellant had complied with any of the terms or provisions of the judgment or that the process had been executed either in part or whole. It seems

clear to us that the officer was justified in proceeding to the execution of the process. It is insisted, however, that it was his duty to know, and that he did know, that appellant had previously paid the fine and costs and that he had been discharged, and that consequently the district judge had lost jurisdiction to again order his arrest and imprisonment under the judgment that had been previously entered. It would seem a violent presumption to hold that the sheriff, who is a mere ministerial officer, must know the law better than the judge who heard the case and entered the judgment. The trial judge was of the opinion that he had the authority and jurisdiction to cause the rearrest of appellant and his imprisonment for the full term of six months, notwithstanding the previous order, and the trial judge was not without a fair appearance of legal authority so to do.

Appellant relies chiefly upon the case of *Tellefsen v. Fee,* 168 Mass. 188, 60 Am. St. 379, 46 N. E. 562, 45 L. R. A. 481. In that case a seaman and member of the crew of a vessel sailing the Norwegian flag caused the captain of the vessel to be arrested in aid of the collection of a debt for wages. This was contrary to the treaty between the United States and Sweden and Norway, and it was held that the magistrate who issued the writ had no jurisdiction so to do and that the constable was not justifiable in serving the writ. In that case it was held that knowledge by the officer of extrinsic facts and circumstances may be sufficient to charge the officer with false imprisonment, even though the writ be fair on its face. A careful examination of that case discloses quite clearly that it turned upon the peculiar facts of the case, and the fact that the vessel upon which the captain was arrested was a foreign vessel sailing under the protection of a foreign nation, and that the constable had notice thereof, was the controlling consideration with the majority of the court. One of the judges, however, dissented and called attention to the dangers of requiring an officer to take notice of oral statements and extrinsic facts at his peril.

Mr. Freeman, in his note to the Tellefsen case, on page 387 of vol. 60 of the American State Reports, says: ''There

is some conflict in the decisions as to whether or not an officer will be protected by process regular on its face, if he has personal knowledge of a defect in the previous process which renders such process void or voidable,'' and cites the monographic note to *Savacool v. Boughton,* 21 Am. Dec. 201. The note to the latter case is a most exhaustive one and deals with the various shades and phases of this question in great detail. That note was written by Judge Freeman, and at page 190 he says: ''The speedy administration of justice requires that the mandates of all courts, and other tribunals and persons possessing judicial powers, should be executed promptly and without hesitation by those to whom they are directed. To secure this, it is necessary that the law should throw its protecting mantle around those executing such mandates, and hold them harmless, so long as they do only what they are commanded to do, without requiring them to determine whether it is rightly and properly commanded or not. Hence arises the principle that a ministerial officer, acting under process fair upon its face, and issuing from a tribunal or person having judicial powers, with apparent jurisdiction to issue such process, is justified in obeying it, against all irregularities and illegalities, except his own.''

In support of the foregoing comment by Judge Freeman, a large array of authorities is cited. Later on, in discussing the ''requisites of process which will protect officer,'' he says: ''The rule as to what is necessary to constitute such process as will afford a sufficient justification to the officer who executes it is by some authorities stated to be that if the process is void, it furnishes no protection, but if it is regular and perfect, or merely voidable and erroneous, the officer who performs its command may justify under it.''

The Savacool case is a leading authority in this country on the subject of justification by a ministerial officer under a writ or process. The court there holds that, ''A ministerial officer may justify under a writ regular on its face, whether issued from a court of general or of limited jurisdiction, if the subject matter of the suit is within the jurisdiction of the court, and nothing appears in the process to apprise the

officer of any want of jurisdiction over the person affected by the process." For cases holding to and following the doctrine of the Savacool case, see *State v. Weed,* 21 N. H. 262, 53 Am. Dec. 188; *Marks v. Sullivan,* 9 Utah, 12, 33 Pac. 224; *Trammell v. Town of Russellville,* 34 Ark. 105, 36 Am. Rep. 1; *Hofschulte v. Doe,* 78 Fed. 436.

Stress has been placed upon the fact that this court has held in *Re Peterson, supra,* that appellant was improperly and unlawfully held in custody. The fact, however, that a prisoner may be wrongfully or unlawfully held does not *per se* render the officer detaining him liable for false imprisonment. It is for this purpose that the legislature adopted sec. 2035, *supra.* Process may have been procured through fraud or perjury, or a court which has ordered it may have committed the most serious errors or have exceeded its jurisdiction after once having exercised that jurisdiction, but if these facts do not appear on the face of the process, or, in other words, if the process is regular on its face and comes from a lawful authority, the officer may execute it and legally justify his action. It would be a most dangerous thing if every peace officer should be obliged to examine into the merits of the case and every step taken by the officer who issued process before going about his duty to serve and execute such process. When an officer gets a warrant of arrest or a commitment, he must know whether there is any such crime under the laws as that with which the party is charged, and he must know whether the court who issues the process has jurisdiction over the offense named in the process and authority to deal therewith and issue warrants and commitments and process thereunder.

In the case under consideration, the trial court properly directed the jury to return a verdict in favor of the defendant, and the judgment entered thereon should be affirmed, and it is so ordered. Costs awarded in favor of respondents.

Sullivan and Stewart, JJ., concur.