## Hunley v. Perryman and Union Central Life Insurance Company.

(Decided December 19, 1924.)

### Appeal from Hickman Circuit Court.

1.  Execution—Appraisement Not Set Aside, in Absence of Fraud or Mistake.—In absence of fraud or mistake, other than mistake of judgment, appraisement of judgment debtor's land will not be disturbed; the presumption being that appraisers performed their duty and that appraisement returned is correct.
2.  Execption—Appraisement at Less Than Value Not Ground for Setting Sale Aside.—That judgment debtor's land was appraised at less than its value is no ground for setting aside sale, where no fraud or mistake is charged.

E. T. BULLOCK for appellant.

BENNETT, ROBBINS & ROBBINS, JOE W. BENNETT and D. JOHNSON for appellees.

Opinion of the Court by Chief Justice Sampson— Affirming.

Hunley appeals from a judgment of the lower court because he says the appraisers chosen by the master commissioner before making the sale under the judgment, appraised the land at $70.00 per acre, when the evidence heard upon the exceptions to the report show that the land was worth from $80.00 to $90.00 per acre, and if the appraisement had been fixed at $80.00 per acre, appellant would have had a right of redemption because the price at which the lands were sold was not two-thirds of $80.00 per acre, but was more than two-thirds of the appraised value at $70.00 per acre.

There is no charge of fraud made against the appraisers or the commissioner in carrying out the sale. Quite a number of witnesses testified that the land was worth about $80.00 per acre. There was evidence to the contrary.

However this may be, in the absence of fraud or mistake other than a mistake of judgment, the appraisement will not be disturbed, the presumption being that the appraisers performed their duty, and that the appraisement returned is correct. We held in the recent case of Kidd v. Stephens, 174 Ky. 381, that a judicial sale will not be set aside upon the ground that the land was appraised below its value, unless it appear that the valuation was procured by fraud or resulted from mistake other than the mere judgment of the appraisers.

The evidence of appellant Hunley does not show or tend to show bad faith on the part of the appraisers, or any fraud or mistake in their appraisement.

The court, we think, properly overruled appellant's exceptions to the report of sale of the commissioner.

Judgment affirmed.