(No. 6462.   October 5, 1937.)

EMERSON HILL and MARGARET HILL, His Wife, Respondents, v. ERNEST JOSEPH, in His Trust Capacity as Executor of the Last Will and Testament of REUBEN A. JOSEPH, Deceased, Appellant.

[72 Pac. (2d) 283.]

E. H. Casterlin, for Appellant.

L. E. Glennon and F. A. McCall, for Respondents.

BUDGE, J.—July 11, 1929, Rueben A. Joseph secured a money judgment against Emerson Hill and on June 27, 1934, the attorney for Joseph caused execution to issue and to be delivered to the sheriff. The sheriff, on July 2, 1934, under said execution, levied on certain real property of Hill and noticed the real estate for sale, fixing the date of sale August 16, 1934. On August 9, 1934, after judgment, issue of execution, levy, and notice of sale, but before the sale, Reuben A. Joseph died testate in the state of Utah and by the terms of his will appellant Ernest Joseph, of Beaver, Utah, was named executor. At the time fixed for the execution sale, August 16, no bidder being present, the sale was postponed until August 21, 1934, at which time John H. Padgham as attorney for Ernest Joseph bid in the property. Appellant made no

application to the court or the clerk thereof of any nature with reference to the execution following the death of Reuben A. Joseph. The will of decedent was not admitted to probate in Idaho until February 25, 1935, more than six months following the date of the sale.

The instant action was prosecuted by respondents Emerson Hill and Margaret Hill to vacate the sheriff's sale, above referred to, and to quiet title to the real property. The case was tried to the court; findings of fact and conclusions of law were made and entered; and a decree was entered adjudging that the execution sale, the certificate of sale and the sheriff's deed issued pursuant thereto, were null and void, and canceling the certificate and deed. This appeal is taken from the judgment, appellant's four assignments of error raising the question of whether or not the judgment is sustained by the judgment roll.

The question presented in effect is whether an execution issued during the lifetime of the judgment creditor abates upon his death. It appears that all proceedings had with respect to the execution sale of the real estate involved, down to the time of the death of Reuben A. Joseph, the judgment creditor,—that is until immediately preceding the actual sale,—are not questioned, but respondents urge that I. C. A., sec. 8–106, directs that in case of the death of the judgment creditor, an execution may be *enforced* only after an application by his executor or administrator or successor in interest, and that it is mandatory that such an application be made.

Respondents' interpretation of I. C. A., sec. 8–106, is that it directs:

" . . . . in case of the death of the judgment creditor, an execution *may* be issued or *may* be enforced in a certain manner."

That portion of I. C. A., sec. 8–106, pertinent herein provides as follows:

"Notwithstanding the death of a party after the judgment, execution thereon may be issued, or it may be enforced as follows:

"1. In the case of the death of the judgment creditor, upon the application of his executor or administrator or successor in interest."

Whatever construction be placed upon I. C. A., sec. 8–106, it does not appear reasonable or logical to hold that where execution has been issued, handed to the sheriff, the levy made and the property noticed for sale that I. C. A., sec. 8–106, has any application.

It will be remembered that it is conceded that all proceedings had with respect to the execution sale were regular down to the actual sale. That is, there was a valid judgment, execution had regularly issued, had been placed in the hands of the sheriff, the levy had been made and the property was noticed for sale, all prior to the death of the judgment creditor. There is no question of gross sacrifice of the property, fraud, overreaching or other irregularity in the proceedings had. The only question is whether or not the execution abated or was suspended upon the death of the judgment creditor.

It is provided by I. C. A., sec. 15–616, that:

"When any judgment has been rendered for or against the testator or intestate in his lifetime, *no execution shall issue thereon after his death, except* as provided in section 8–106. . . . . ."

The foregoing section does not in any way provide or tend to provide that the provisions of I. C. A., sec. 8–106, shall govern where an execution has issued prior to the death of the judgment creditor. I. C. A., sec. 8–301, a part of Title 8, chapter 3, I. C. A., dealing with "Levy and Sale under Execution," provides in part:

"The sheriff *must* execute the writ (execution) against the property of the judgment debtor by levying on a sufficient amount of property if there be sufficient; collecting or selling the things in action, and selling the other property, and paying to the. plaintiff or his attorney so much of the proceeds as will satisfy the judgment. . . . . "

Section 30–1713, of Title 30, chapter 17, I. C. A., dealing with the subject: "Sheriff," provides:

"A sheriff, or other ministerial officer, is justified in the execution of, and must execute, all processes and orders regular on their face and issued by competent authority, whatever may be the defect in the proceedings upon which they were issued.''

In *Roth v. Duvall*, 1 Ida. 149, it is stated:

"It is well settled that the sheriff cannot refuse to serve process regularly issued to him because in his opinion it is defective or irregular.''

See also: *Coombs v. Collins*, 6 Ida. 536, 57 Pac. 310; *Peterson v. Merritt*, 25 Ida. 324, 137 Pac. 526.

The statute must be given a reasonable and sensible construction. Where an execution has been issued and placed in the hands of the sheriff during the lifetime of the judgment creditor,—a process or order regular on its face,—which provisions of the execution the sheriff is bound to carry out, it is illogical to hold that upon the death of the judgment creditor subsequent to the issuance of the execution the execution is abated or suspended. After the execution has issued and been placed in the hands of the sheriff there is nothing left for the judgment creditor to do and nothing more could have been done whether he be dead or alive. It would likewise be unreasonable to hold that the sheriff must satisfy himself at the time he makes the sale under execution, or at any other times, that the judgment creditor is alive, or that the execution sale would be void if it happened that at the moment of the sale the judgment creditor was dead. The writ of execution is a direct command or order of the court to the sheriff to carry out the mandate of the execution. The authority of the sheriff comes from the court, not from the plaintiff. Until the execution is lawfully withdrawn from his possession, or direction is given by an authorized person that the progress of the execution be suspended the officer to whom it is directed has authority to execute and return the same and make any entry thereon which the law authorizes. (*Hatcher v. Lord*, 115 Ga. 619, 41 S. E. 1007, 61 A. L. R. 353.) A correct construction of I. C. A., sec. 8–106, would seem to be that if an execution has already issued during the lifetime of the judgment creditor I. C. A., sec. 8–106, does not apply,

but applies only in case the judgment creditor has died prior to the issuance of execution but after judgment rendered in his favor.

The rule announced in 10 R. C. L., page 1229, section 17, is as follows:

"If the plaintiff's death occurs after the execution is issued, the American decisions are almost uniform to the effect that the progress of the writ shall not be affected thereby, on the theory that it is an entire thing, and, once begun, its course is not to be interrupted."

The rule is likewise announced in 23 C. J. 384 in the following language:

"If plaintiff dies after execution awarded, the execution does not abate but the sheriff may nevertheless proceed."

In *Hatcher v. Lord, supra;* it is said:

"When an execution has been issued during the lifetime of the plaintiff in execution, and delivered to the sheriff, it constitutes a command to the sheriff to seize the property of the defendant in satisfaction of the writ; and this command is not withdrawn or impaired by the fact that the plaintiff in execution dies after the execution is delivered to the sheriff. . . . . The writ is a continuing command to him, and he has authority to execute and return the same at any time, without express direction to that effect from any one. It is the command of the court, and, when the amount is collected, if no one appears to receive it, upon his making return to the court proper direction will be given as to what disposition to make of the funds in his hands."

See also: *Buckner v. Terrill,* Litt. Sel. Cas. (Ky.) 29, 12 Am. Dec. 269; *Mahaffey v. Bastedo,* 38 Ont. L. R. 192; *Clerk v. Withers,* 1 Salk. 323, 79 Reprint, 91; *Cleve v. Veer,* Cro. Car. 457, 79 Reprint, 996; *Thoroughgoods Case,* Noy, 73, 74 Reprint, 1041.

The findings of fact do not support the judgment entered.

The judgment is reversed and remanded with instructions to enter judgment for appellant. Costs awarded to appellant.

Morgan, C. J., and Holden, Ailshie and Givens, JJ., concur.

Petition for rehearing denied.