281 P.2d 474

**J. J. INMAN** and Lena Betenbough, Administratrix of the Estate of T. Betenbough, Deceased, Plaintiffs-Appellees,

v.

Marie BROWN, Defendant-Appellant.

No. 5870.

Supreme Court of New Mexico.

Feb. 28, 1955.

Rehearing Denied April 7, 1955.

Dee C. Blythe, Clovis, for appellant.

Hartley & Buzzard, Clovis, for appellees.

COMPTON, Chief Justice.

This is an appeal from an order denying appellant's petition to set aside an execution sale for alleged irregularities. Neither fraud nor mistake is pleaded. The sole question is whether the irregularities are such as would invalidate the sale.

Appellee Inman and T. Betenbough were sureties on the supersedeas bond of appellant and her husband Lynn Brown in an action pending in Lea County wherein Henry Reid recovered judgment against the Browns in the amount of $2,101.85. On appeal to this Court the judgment was affirmed. Reid v. Brown, 56 N.M. 65, 240 P.2d 213. Subsequently, appellees were required to pay the judgment, whereupon it

was assigned to them by Reid. Appellees caused execution to issue and the sheriff of Curry County levied upon certain property belonging to appellant to satisfy the judgment. Shortly thereafter assignee Betenbough died. Subsequently, the property was sold at its appraised value of $1,400, leaving a substantial balance still due on the judgment.

The validity of the sale was challenged on various grounds. Issue was joined and at the conclusion of the hearing thereon, the court made the following findings:

"1. That there has been substantial compliance with all pertinent New Mexico Statutes in connection with the sale in question.

"2. That Defendant Marie Brown had actual knowledge of all procedures in connection with said sale.

"3. That the actual value of the property sold was $1,400.00; that it was subject to a first mortgage lien in favor of the First Federal Savings and Loan Association of Clovis with the principal balance of $342.19.

"4. That Defendant Marie Brown waived any homestead exemption to which she might have been entitled by failure to make the claim before sale."

The point is made that the sheriff did not demand payment of the debtor prior to the levy of execution. The evidence discloses that appellant sometime previously had been living upon the property but was not there when the levy was made. Nevertheless, the writ was served upon her husband Lynn Brown, who was living on the premises at the time. Appellant, according to her testimony, was somewhere in Texas and knew nothing of the levy until after the sale. The Statute, § 24-1-3, 1953 Comp., provides that the officer in whose hands an execution is placed for collection "shall call upon the defendant for payment * * *", and we understand the statute to mean that it is the duty of the sheriff to make demand for the payment of the debt upon the debtor, but the statute is directory. No demand is contemplated where the debtor is without the jurisdiction of the sheriff or otherwise so situated that a demand cannot readily be made upon him. Pecos Valley Lbr. Co. v. Freidenbloom, 23 N.M. 383, 168 P. 497, and cases cited.

The claim is made that the property in question is exempt from execution. This claim has no merit. We have several times held that the right of exemption is waived by failure to exercise it before sale. Pecos Valley Lbr. Co. v. Freidenbloom, supra; Meyers Co. v. Mirabal, 27 N.M. 472, 202 P. 693. Appellant seeks to excuse her failure to make the claim therefor on the ground that she had no knowledge of the issuance of the execution. But the trial court found on conflicting evidence

that she had actual knowledge of all proceedings in connection with the sale and this finding is conclusive.

■■ It is argued that the trial court erred in refusing to set aside the sale because of the gross inadequate price received at the sale of the property. It is true that appellant testified that she had been offered $3,500 for the property some 6 months prior to the hearing. Nevertheless, the court obviously took judicial notice of its own records in arriving at its value, the appraisement itself. It is presumed that the appraisers performed their duty. The trial court was entitled to weigh her evidence in the light of other testimony given by her. As previously stated, she had emphatically denied any knowledge of the issuance of execution and the sale, yet her husband Lynn Brown lived on the premises and was personally served with the writ of execution. She also testified that her grown daughter lived at times in the home and that the daughter talked with appellees' attorneys about the execution and the sale that followed and led them to believe that they were talking to appellant. Also, Inman testified he had several conversations with appellant about selling the property to satisfy the judgment, and on one occasion she threatened to burn the house before they should take it for the judgment. Furthermore, G. T. Watts, attorney for the Browns in the Reid case, wrote appellees a letter suggesting that the execution sale be postponed. Under this state of the record the trial court was justified in disbelieving her testimony in all respects, even as to the value of the property. We find it most difficult ourselves to understand why, if the property could have been sold for the amount stated, she failed to sell it and discharge the judgment in full. She could have done all this and still had a substantial sum left. The trial court was not convinced that the price the property sold for was grossly inadequate, neither are we.

■ It is claimed that the sale is invalid because the execution was issued in the name of Reid, the assignor. This claim of error cannot be sustained. The execution conformed to the judgment and the procedure was not improper. Gilmore v. State Nat'l Bank, 90 Kan. 405, 133 P. 726; Cook v. Casualty Ass'n of America, 246 Mich. 278, 224 N.W. 341.

■ It is argued that as a result of the death of assignee Betenbough, the execution abated. The argument is untenable. The writ did not abate and a revival of the lien was not required. Robinson v. Wright, 90 Colo. 417, 9 P.2d 618; Hill v. Joseph, 58 Idaho 267, 72 P.2d 283; State, for Use of Davis v. Adams, 3 Terry, Del. 54, 27 A.2d 401.

■ Error is assigned on account of the failure of the officer serving the writ of execution to file his return within 60

days from the date of delivery. The statute, § 24–1–9, 1953 Comp., provides that returns be so made but again the statute is directory and a failure to comply therewith did not destroy the legal effect of the return. Ellis v. Lyford, 270 Mass. 96, 169 N.E. 800; Rowe's Adm'r v. Hardy's Adm'r, 97 Va. 674, 34 S.E. 625; Tyler v. Henderson, Tex.Civ.App., 162 S.W.2d 170; Gandiago v. Finch, 46 Idaho 657, 270 P. 621.

■ Further claimed error is the failure of the sheriff to serve appellant with the writ and notice of levy. Our statute makes no provision for such notice, and in the absence of a statute the levy on real estate under execution is made by filing notice of levy in the office of the county clerk where the land is located, describing it, etc. Section 24–1–4, 1953 Comp. There was substantial compliance here by going upon the land, serving the occupant with notice of levy and filing the return in the office of the county clerk. Cf. Hyman v. Landry, 135 Wis. 598, 116 N.W. 236, 128

Am.St.Rep. 1044; Preissman v. Crockett, 194 Md. 51, 69 A.2d 797.

■ Error is claimed as a result of appellant's failure to select an appraiser. While § 24–2–7, 1953 Comp., provides that the judgment debtor shall have three days notice to select an appraiser, the statute is not mandatory. There was no duty upon the officer to hunt up the appellant or to await her return before making the appraisement. Moreover, in failing to object to the appraisement before sale, the right was waived by her. Cf. Hunley v. Perryman, 206 Ky. 243, 267 S.W. 206; Rodolf v. First National Bank & Trust Co. of Tulsa, 182 Okl. 426, 78 P.2d 296; Hoover v. Hale, 56 Neb. 67, 76 N.W. 457.

The irregularities complained of were not prejudicial to the rights of appellant. The judgment will be affirmed, and it is so ordered.

LUJAN, SADLER, McGHEE and KIKER, JJ., concur.