419 P.2d 757

COLUMBUS ELECTRIC COOPERATIVE, INC., Plaintiff-Appellee,

v.

H. P. BROWN, Defendant-Appellant.

No. 7836.

Supreme Court of New Mexico.

Oct. 31, 1966.

Montoya & Shwartz, Albuquerque, for appellant.

Ray Hughes, Deming, LaFel E. Oman, Santa Fe, for appellee.

OPINION

COMPTON, Justice.

This is an appeal from an order vacating an execution sale for mistake in the appraisement. The appellee was the holder of various judgments against the appellant and to satisfy the judgments, execution was levied against the lands of the appellant.

The main question is whether the trial court committed prejudicial error in vacating the sale. We think not. The property was appraised at $60,650.00 "subject to mortgages in favor of Fay R. McBee and Mimbres Valley Bank not deducted." The prior liens amounting to $15,923.00 were known to the appraisers. Appellee's judgments amounted to $29,113.67. At the sale and prior thereto it was publicly announced that appellee's bid included prior liens which were to be assumed or deducted from the amount bid. Appellee bid $42,-166.70, being the amount of its judgments plus the prior liens and encumbrances.

In his report of sale the sheriff stated that "Columbus Electric Cooperative, Inc. made bids which were accepted * * * and will assume the first and prior mortgages and liens against said properties * * * for a total indebtedness of approximately $15,923.00. * * *"

At this stage of the proceedings the appellant moved for an order of court directing the sheriff to pay him the surplus remaining after appellee's judgments had been satisfied. The motion was denied and the court of its own motion entered an order vacating the sale on grounds that mistake had been made in the appraisal, unrelated to the value of the land.

It is clear that the appraisers did not deduct prior liens and encumbrances known to them in determining the cash value of the land as required by § 24–2–9, N.M.S.A.1953. While neither the sheriff nor the appraisers were required to ascertain the *amount* of prior liens or encumbrances in arriving at the cash value of the land, § 24–2–10, N.M.S.A.1953, the appraisers were charged with the duty of *deducting* all known liens and encumbrances in determining the cash value of the land.. This they failed to do.

The appraisal is an essential step in the statutory judicial sale procedure, and a failure to comply with statutory provisions may well require disapproval of a sale

**104**

in the interest of justice. Obviously, appellee was prejudiced in bidding an amount not only to cover its judgments but to cover the prior encumbrances as well. In the interest of justice the court was warranted in relieving the appellee of this burden.

In Pecos Valley Lbr. Co. v. Freidenbloom, 23 N.M. 383, 168 P. 497, we said:

> "The grounds upon which an execution sale may be set aside are not specified by statute, nor is any provision contained in the statute with reference to the right of the court to set aside such a sale. However, it is recognized by all courts that in order to prevent abuses of their process they may set aside a sale made thereunder for fraud, unfairness, or irregularities of a prejudicial nature."

We conclude that the trial court did not abuse its discretion in vacating the sale. But compare McCloskey v. Shortle, 41 N.M. 107, 64 P.2d 1294; Inman v. Brown, 59 N.M. 196, 281 P.2d 474; Ballew v. Denson, 63 N.M. 370, 320 P.2d 382. The conclusion reached disposes of appellant's claim to any surplus.

The judgment should be affirmed. It is so ordered.

CHAVEZ, J., and E. T. HENSLEY, JR., Chief Judge, Court of Appeals, concur.